### SATERFIEL *v.* SATERFIEL

1. Divorce—Public Policy.
   The public policy of this State is against divorce and divorce may only be granted when there is proof before the court of grounds subverting the marriage relationship.

2. Same—Judgment—Induced Improperly by Trial Judge.
   Divorce granted plaintiff wife *held,* induced improperly by trial judge and should be set aside where plaintiff had relented in pursuing her complaint and consented to entry of judgment on it only after trial judge stated, "There is going to be an absolute divorce here", and gave plaintiff her choice of consenting to entry of judgment on her complaint or having judgment granted husband on his counterclaim for divorce.

---

References for Points in Headnotes
[1]  24 Am Jur 2d, Divorce and Separation §§ 5, 9.
[2]  53 Am Jur, Trial § 74 *et seq.*

Appeal from Wayne, Bowles (George E.), J. Submitted Division 1 May 17, 1968, at Detroit. (Docket No. 2,707.) Decided November 29, 1968.

Complaint by Dorothy Saterfiel against Earl Saterfiel for divorce. Counterclaim by Earl Saterfiel for divorce. Judgment for plaintiff. Plaintiff appeals. Reversed and remanded.

*Gilbert A. Donohue,* for plaintiff on appeal.

BEER, J. Plaintiff filed for divorce January 25, 1963. Defendant filed a counterclaim for absolute divorce February 18, 1963. On September 3, 1964, counsel for defendant entered the following motion:

"If the court please, on behalf of the defendant and cross-plaintiff, we would presently make a motion to withdraw our answer and to withdraw the counter-claim that has heretofore been presented, and allow the plaintiff wife to take a divorce."

This motion was granted by the court. After much bickering between the court, the principals, and their attorneys, a judgment of absolute divorce was entered *nunc pro tunc* by the court for the plaintiff.

After entry of the divorce by the court on June 3, 1966, plaintiff, being without counsel, objected to the entry saying, "I didn't consent to the divorce."

The issue before this Court on appeal is whether or not the wife was coerced into divorce by the trial court. We deem it necessary to quote from the record, page 31 of the transcript of May 31, 1966:

"The point is, Mrs. Saterfiel, it is a point that should not be lost, I granted a judgment of absolute divorce and you refused to have the judgment entered. I could have forced it upon you under my authority but I didn't choose to do that, maybe unwisely so."

The court continued on page 34 and announced:

"There is going to be a divorce in this case. I have decided it, and it is irrevocable. Would you prefer your husband take the formal divorce rather than you?"

To which Mrs. Saterfiel, plaintiff and appellant, replied without representation by counsel:

"No your Honor, I would not. I would rather defend his petition for divorce."

The court replied thereto on page 34 and emphatically asserted as follows:

"There is going to be an absolute divorce here. It is either going to be on his petition or on yours. I will not let this case go on and on. I have had it for three years.   *   *   *   There is going to be an absolute divorce now. If you don't take it he is going to take it. That's going to be it."

The public policy of this State is against divorce. Divorce may only be granted when there is proof before the court of grounds subverting the marriage relationship. Divorce is never an optional relief where the trial court, in effect, tells the parties, "Either you, the wife, take it, or the husband will get it." We are understanding of the strain and stress in a trial court as busy as the one here involved, but it is our conclusion the plaintiff wife was oppressed into obtaining a divorce by the trial court. This error is too serious to be overlooked when it involves the legal issue of terminating a marriage and the custody of children. The divorce is set aside and the case remanded for further proceedings. Costs to appellant.

T. G. KAVANAGH, P. J., and HOLBROOK, J., concurred.