WILLIAM N. CARLISLE v. ELLA CARLISLE.

*Divorce—Setting aside decree—Rights of second wife of com-
plainant.*

1.  A second wife, who becomes such in reliance upon a decree of
    divorce granted her husband, is entitled to notice of a petition.
    by the first wife to vacate the decree.

2.  The court granting a decree of divorce has the power to set it
    aside for fraud in its procurement, or want of jurisdiction, on
    the application of the party against whom it was obtained,
    even though the other party may have remarried and children
    may have been begotten; citing *Edson v. Edson*, 108 Mass. 590;.
    *True v. True*, 6 Minn. 458; *Whitcomb v. Whitcomb*, 46 Iowa,
    437; *Adams v. Adams*, 51 N. H. 388; *Everett v. Everett*, 60
    Wis. 200; *Caswell v. Caswell*, 24 Ill. App. 548; *Allen v.
    Maclellan*, 12 Penn. St. 328; *Stephens v. Stephens*, 62 Tex. 337;
    but the decree cannot be avoided by the party guilty of the
    fraud; citing *Simons v. Simons*, 47 Mich. 253; nor can the
    party obtaining the decree, and accepting its benefits, after-
    wards question the jurisdiction of the court granting it; citing
    *Ellis v. White*, 61 Iowa, 644; *Kile v. Town of Yellowhead*, 80
    Ill. 208; *Morriss v. Garland*, 78 Va. 215; *Embry v. Palmer*,
    107 U. S. 8.

Appeal from Wayne.    (Hosmer, J.)    Submitted on briefs
April 25, 1893.    Decided June 16, 1893.

Complainant filed a bill for divorce, which was granted, and subsequently set aside on petition of defendant. Anna E. Carlisle, the second wife, intervened, and on her petition the order vacating the decree was set aside, from which defendant appeals. Affirmed. The facts are stated in the opinion.

*Ervin Palmer,* for appellant.

*E. H. Sellers* and *Alfred Lucking,* for the Estate of Anna E. Carlisle.

McGRATH, J. A divorce was granted in the Wayne circuit court in chancery between the parties, February 26, 1887. In May, 1891, defendant filed her petition to set aside the decree, alleging as the sole ground that the proceedings were commenced, and the order for appearance published, and the decree entered, against Ellen Carlisle, whereas defendant's name is Ella Carlisle. No opposition was made to the application, and, in June following, an order was entered vacating the decree. In August following, by stipulation the proceedings were discontinued.

In January, 1892, Anna E. Carlisle appeared before the court, and set forth that in March, 1887, she had married the complainant, and had lived with him as his wife until November, 1890; that at that time they separated; that in December, 1890, William N. Carlisle had filed a bill for divorce in the Wayne circuit court in chancery against her, and that the proceeding for divorce was still pending. The court then made an order requiring complainant and defendant to appear on a day named, and show cause why the order vacating the decree should not be set aside, and the stipulation stricken from the files. After a full hearing the court made an order restoring the decree, and striking the stipulation from the files, but ordered, also,

96 MICH.—9.

that said defendant have leave, if she so elect, to bring her petition for leave to answer to a hearing upon first giving 20 days' notice to Anna E. Carlisle to come in and answer said petition, and show cause why the prayer thereof should not be granted. From this order defendant appeals.

It appears from the record that for four years defendant had known of the granting of the divorce, and of complainant's intermarriage with Anna E. Carlisle. Complainant and defendant had separated in 1886. She had gone west, taking with her a son, the issue of the marriage. In August, 1888, she was in Detroit, and an order to show cause why she should not deliver the boy over to the custody of complainant, in accordance with the decree, was served upon her, and she made an agreement with complainant with reference to the boy. The order served upon her ran against her as Ellen Carlisle.

It is also apparent from the record that the proceeding to vacate the decree was instituted at the instigation of complainant. In the divorce proceeding instituted by William N. Carlisle against Anna E. Carlisle, an adjustment of the question of alimony had been made. William N. had conveyed to Anna E. the homestead and certain personal property. Defendant resided in Wisconsin. Her petition to set aside the decree and her answer to the order to show cause are sworn to in that state. She did not appear in person at either hearing, nor does it appear that, since the vacation of the decree, complainant and defendant have lived together. The solicitor who appeared for complainant when the decree was vacated appeared for defendant in the subsequent proceeding, and appears here for appellant. Although for four years defendant had known of the remarriage of complainant, she omitted all reference to it in her petition, and to that petition no

answer was filed. Within two months after the decree was set aside, although grave charges were made against her in the testimony upon which the divorce was granted, a stipulation was filed, discontinuing the divorce case.

There is no longer any doubt of the power of a court of equity to set aside its own decree of divorce for fraud in its procurement, or for want of jurisdiction, on the application of the party against whom the decree was obtained; and this, although the other party may have remarried, and children may have been begotten. *Edson v. Edson*, 108 Mass. 590; *True v. True*, 6 Minn. 458; *Whitcomb v. Whitcomb*, 46 Iowa, 437; *Adams v. Adams*, 51 N. H. 388; *Everett v. Everett*, 60 Wis. 200 (18 N. W. Rep. 637); *Caswell v. Caswell*, 24 Ill. App. 548; *Allen v. Maclellan*, 12 Penn. St. 328; *Stephens v. Stephens*, 62 Tex. 337. But the decree cannot be avoided by the party guilty of the fraud (*Simons v. Simons*, 47 Mich. 253); nor at the instance of third parties (*Baugh v. Baugh*, 37 Mich. 59); nor can a party who obtains the divorce, and accepts its benefits, afterwards question the jurisdiction of the court granting it (*Ellis v. White*, 61 Iowa, 644; *Kile v. Town of Yellowhead*, 80 Ill. 208; *Morriss v. Garland*, 78 Va. 215; *Embry v. Palmer*, 107 U. S. 8). This is not, however, an application by a third party to set aside a decree of divorce. The order appealed from was an order setting aside an order obtained upon a petition filed evidently by collusion with complainant, and which concealed from the court a fact of which the court should have been advised; an order which made Anna E. Carlisle an adulteress, and affected, and was probably calculated to cut off, rights of property. Ordinarily the rights of the second wife are fully protected by the husband, who appears and makes known the remarriage. Here the husband made no defense. To hold that in such a case the second wife, who had in good faith relied upon the decree

sought to be set aside, was not entitled to notice, and had no right to intervene, would be rank injustice.

In *Bomsta v. Johnson*, 38 Minn. 230, plaintiff brought an action to annul a decree of divorce rendered in 1879, between herself and husband, who died in 1885, and it was held that Pauline Ganner, who married the deceased immediately after the decree of divorce, was a proper party defendant. The case of *Zoellner v. Zoellner*, 46 Mich. 511, was a proceeding of like character, where the petition was filed after the death of the husband, and eight years after the decree was made. Mr. Justice GRAVES, speaking for the Court in that case, says:

"Nothing is now involved except property. The sole motive of the petitioner in assailing the judicial proceeding which purported to sever her connection with the deceased complainant is to get, through a kind of *post mortem* adjudication, a share of the property he left. * * * The defects in the proceedings which are now set up were open to detection by the least attention to facts which must have been obvious to her, and the notice from her husband, and the surrounding circumstances with which she was intimate, were urgent calls upon her to look into the proceedings. In short, if her present explanations are correct, the facts of which she had full knowledge implied conclusively that the decree was a fraud, and there is no reason to suppose that she was not then as eligibly situated to take action as she is now. * * * The proceeding is consequently subject to the proposition that the public peace and good order are concerned in withholding the assistance of equity from those who grossly neglect to take care of their own rights."

This is not an attempt to compel a husband and wife to live together, but it is the right of a party who, relying upon the decree of a court of equity, has in good faith entered the marriage relation, and has acquired rights of property, to be heard in a proceeding instituted in the name of the party who had for four years known of the divorce and of the remarriage, and made no sign, who does not excuse the delay, and whose skirts are tainted with a strong

suspicion of collusion with the party procuring the divorce, who cannot be heard to question the proceeding. The right of a court of equity to purge its own records of an order obtained by a fraud upon it is involved here. This order was entered upon an *ex parte* affidavit to a petition, the only ground being the use of the name "Ellen," instead of "Ella," in proceedings instituted by the husband, who had lived with her for 16 years, and must be supposed to have known by what Christian name she was known. A hearing should have been had upon that question before a subsequent marriage should have been invalidated.

It is urged here, however, that the order for appearance fixed the time at five months, whereas proof of publication was filed, and the order *pro confesso* entered, after four months, and twenty-four days before the expiration of the time named. This point was not made in the court below. Here, again, are we confronted with peculiar circumstances. Although this is the second petition filed by defendant, in neither was the question raised. The statute provides that in such case the order shall require the defendant to appear and answer "in not less than four months." The order was published for the required time, and proof of publication duly made. The order *pro confesso* was upon a three-months printed blank. The printed word "three" was twice stricken out, and the word "four" written in in each instance. The order as published, a printed copy of which appears attached to the affidavit of publication, fixes the time at five months, but, by reference to the original order for appearance signed by the circuit judge, it appears that the order was originally written "four months," but at some time the word "four" has been converted into the word "five," evidently with a different pen and ink, if not by a different hand. Whether this was done before the publication, or after the discovery of an error in the pub-

lication, does not appear. The situation suggests the most careful examination before an order is made vacating the decree.

In any case where a petition is filed after such a lapse of time, it should affirmatively appear, what change, if any, has taken place in the *status* of the parties, and, when a decree has been followed by the marriage of one of the parties, the court should see to it that interests of the innocent third party are fully protected, and, when no opposition is made by the party to the record, the court should give to such third party an opportunity to be heard.

The order of the court below was right, and is therefore affirmed.

HOOKER, C. J., LONG and GRANT, JJ., concurred. MONT-GOMERY, J., concurred in the result.