BANNER v BANNER

1. JUDGMENT—VACATION—IRREGULARITY.

Not every error or irregularity in the proceedings which resulted in a judgment, even if sufficient to warrant reversal on direct appeal, may be urged in support of a motion to be relieved from that judgment; were it otherwise, no judgment would be final.

2. JUDGMENT—VACATION—GROUNDS FOR RELIEF.

A court, on motion made within a reasonable time not to exceed one year, may relieve a party from a judgment on grounds of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, or fraud, misrepresentation, or other misconduct by an adverse party (GCR 1963, 528.3[1], [2], [3]).

3. JUDGMENT—GROUNDS FOR RELIEF.

A party may be relieved from a judgment within a reasonable time, not necessarily limited to one year, if the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application, or for any other reason justifying relief from the operation of the judgment; relief is available on the last ground only when extraordinary circumstances make it necessary to achieve justice (GCR 1963, 528.3[5], [6]).

4. EQUITY—JUDGMENT—RELIEF.

A party may commence an independent equitable action to be relieved from a judgment procured by fraud upon the court, provided he acts within a reasonable time (GCR 1963, 528.3[3]).

5. JUDGMENT—VOID JUDGMENT—RELIEF.

A court may at any time relieve a party from a void judgment (GCR 1963, 528.3[4]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 380.
[2–6] 47 Am Jur 2d, Judgments § 945 *et seq.*
[7] 29 Am Jur 2d, Evidence § 276.
[8–10] 24 Am Jur 2d, Divorce and Separation § 477 *et seq.*
[10] 24 Am Jur 2d, Divorce and Separation § 478.

6. Judgment—Vacation—Jurisdiction.

> A judgment entered by a court without subject-matter jurisdiction is a void judgment and may be vacated at any time on the court's own motion or upon the motion of any party thereto, including the party who originally invoked the jurisdiction of the court.

7. Fraud—Fraud on Court—Concealment of Fact—Misrepresentation.

> A fraud is perpetrated upon a court when some material fact is concealed from the court or when some material misrepresentation is made to it; where, in a divorce case, the court was advised regarding a possible reconciliation of the parties and the decision not to take additional proofs on the issue of reconciliation was made by the trial court, not by either party, there was no fraud perpetrated upon the court.

8. Judgment—Collateral Attack—Coercion.

> A claim of coercion by the court in a divorce case based on the trial judge's claimed error in an implied determination that there had been no reconciliation and in a denial of a request to dismiss the complaint is a perversion of the concept of coercion in an attempt to obtain review of claims of error which are not cognizable in a collateral attack upon a judgment.

9. Judgment—Void Judgment—Jurisdiction—Divorce—Reconciliation.

> A judgment void for want of subject-matter jurisdiction may be attacked collaterally even by the party who invoked the court's jurisdiction, but in a situation where the parties to a divorce action become reconciled prior to the entry of a judgment of divorce, such reconciliation does not operate to divest the court of jurisdiction to grant the divorce.

10. Judgment—Jurisdiction—Collateral Attack.

> The loose practice has developed, even in some judicial opinions, of saying that a court had no "jurisdiction" to take certain legal action when what is really meant is that the court had no legal "right" to take the action, that it was in error; if the loose meaning were correct, endless litigation would be provoked since every decree or judgment by an erring tribunal would be void and subject without a time limit to collateral attack.

Appeal from Kalamazoo, David Anderson, Jr., J. Submitted Division 3 February 8, 1973, at Grand Rapids. (Docket No. 13211.) Decided February 22, 1973.

Complaint by Catherine M. Banner against Lawrence Banner for divorce. Judgment of divorce for plaintiff. Plaintiff's motion to vacate the judgment denied. Plaintiff appeals by leave granted. Affirmed.

*Hoffman & Hoffman* (by *Stephen M. Kantz*), for plaintiff.

*Lilly & Fitzgerald* and *Hillman, Baxter & Hammond,* for defendant.

Before: DANHOF, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

R. B. BURNS, J. On April 26, 1968, plaintiff filed for divorce, alleging Lawrence Banner's extreme and repeated cruelty. Lawrence denied plaintiff's allegations and counterclaimed, alleging plaintiff's extreme cruelty. After various interlocutory proceedings, a hearing for the receipt of proofs was scheduled for December 2, 1969. On that date plaintiff requested an adjournment to permit amendment of her pleadings to properly raise the issue of reconciliation. Lawrence denied any reconciliation and objected to an adjournment. At the urging of the trial court the parties and their attorneys conferred privately for over two hours. Court reconvened and was advised that plaintiff was willing to proceed with the proofs and with a division of property. During their conference the parties had agreed upon a property settlement. After that settlement was placed on record, Lawrence withdrew his counterclaim and left the courtroom. Plaintiff then testified as to her husband's acts of cruelty and as to a reconciliation which allegedly lasted until August 10, 1969. After hearing plaintiff's testimony the trial court indi-

cated its intention of granting to her a *pro confesso* divorce.

On February 5, 1970, a proposed judgment of divorce was submitted to the court. Plaintiff objected to some provisions and changes were made to satisfy her. Plaintiff then requested permission to speak to the court. She told the court that she had continued to live with her husband as his wife until several months after she had filed her complaint for divorce. She again told that court that she and Lawrence resumed their marital relationship from June through mid-August, 1969. Plaintiff then expressly agreed to the divorce.

The parties were back in court on March 12, 1970. Plaintiff asked the dissolution of a temporary restraining order preventing the sale of some of the couple's property. The order was dissolved. Plaintiff then advised the court that she no longer wished a divorce and wanted her complaint dismissed. The court refused the request for a dismissal, holding that its decision of December 2nd to grant a divorce to plaintiff required the signing of the proposed judgment. The court then signed and entered the judgment of divorce.

Neither party appealed.

Lawrence Banner died on December 29, 1970.

On April 15, 1971, plaintiff filed a motion to vacate the divorce judgment. Plaintiff claimed it was error for the trial court to have refused her request for a dismissal, that her consent to the entry of judgment on her complaint was the result of coercion by defendant and by the trial court, that the trial court was without subject-matter jurisdiction to entertain an action for divorce, and that the parties perpetrated a fraud upon the trial court. On June 18, 1971, a hearing was held before a visiting judge. The judge requested counsel for

plaintiff to summarize the evidence he planned to present in support of plaintiff's motion. Counsel for the estate was allowed to respond. On the basis of counsel's statements the judge refused to allow plaintiff to present any evidence and denied her motion. Plaintiff appeals, renewing the claims of error argued below and also claiming that it was error to refuse to receive evidence in support of her motion.

I.

Before we can consider the merits of plaintiff's claims of error, we must determine which of those claims are properly before this Court. Plaintiff is not now appealing the judgment of divorce entered in March, 1970; she is appealing the denial of her motion to vacate that judgment. Therefore, the claims of error which we may properly consider are limited by GCR 1963, 528 and by those principles of chancery jurisdiction which delineate the scope of collateral attacks.

Not every error or irregularity in the proceedings which resulted in a judgment, even if sufficient to warrant reversal on direct appeal, may be urged in support of a motion to be relieved from that judgment. Were it otherwise, no judgment would be final. *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538, 545 (1935). On motion made within a reasonable time, not to exceed one year, a court may relieve a party from a judgment on grounds of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, misrepresentation, or other misconduct by an adverse party. GCR 1963, 528.3(1), (2), and (3). A party may also be relieved from a judgment within a reasonable time, not necessarily limited

to one year, if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application"; or for "any other reason justifying relief from the operation of the judgment". GCR 1963, 528.3(5) and (6). Relief is available on the latter ground only when "extraordinary circumstances make it necessary to achieve justice". 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 189. Provided he acts within a reasonable time, a party may commence an independent equitable action to be relieved from a judgment procured by fraud upon the court. GCR 1963, 528.3(3); 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 191–193; *Baum v Baum,* 20 Mich App 68, 76 (1969). Finally, a court may at any time relieve a party from a void judgment. GCR 1963, 528.3(4); 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 190.

A judgment entered by a court without subject-matter jurisdiction is a void judgment and may be vacated at any time on the court's own motion or upon the motion of any party thereto, including the party who originally invoked the jurisdiction of the court. *Carpenter v Dennison,* 208 Mich 441 (1919); *Orloff v Morehead Manufacturing Co,* 273 Mich 62 (1935); *Shane v Hackney,* 341 Mich 91 (1954); *Millman Brothers, Inc v Detroit,* 2 Mich App 161 (1966).

Because plaintiff filed her motion to vacate more than one year after the challenged divorce judgment was entered, we may consider only three of her claims of error: that the parties perpetrated a fraud upon the trial court, that plaintiff's consent to the divorce was obtained through coercion by

the trial court, and that the trial court was without subject-matter jurisdiction to grant a divorce.

## II.

Plaintiff claims that she and defendant perpetrated a fraud upon the trial court by withholding proof of reconciliation. We disagree.

A fraud is perpetrated upon a court when some material fact is concealed from that court or when some material misrepresentation is made to that court. *DeHaan v DeHaan,* 348 Mich 199 (1957); *Baum v Baum, supra,* p 72. In the instant case plaintiff testified on December 2, 1969, as to a possible reconciliation of the parties. The decision not to take additional proofs on the issue of reconciliation was made by the trial court, not by either party. Thus, no fraud was perpetrated upon the court.

## III.

Plaintiff claims that she was coerced by the trial court into pursuing her complaint and consenting to the entry of judgment thereon. The refusal of the trial court to receive additional evidence of reconciliation and the refusal of the court to dismiss her complaint are the alleged acts of coercion of which plaintiff complains. However, as we read plaintiff's brief, she is not now claiming that her free will was overborne by any action of the trial court. She makes no allegation of conduct like that condemned in *Saterfiel v Saterfiel,* 14 Mich App 506 (1968). Rather, she is claiming that the trial judge erred when he impliedly determined that there had been no reconciliation and that he erred

when he denied plaintiff's request to dismiss. In other words, plaintiff is perverting the concept of coercion in an attempt to obtain review of claims of error which are not cognizable in a collateral attack upon a judgment.

## IV.

Finally, plaintiff claims that if the parties to a divorce action become reconciled prior to the entry of judgment, the circuit court in which the action is pending loses jurisdiction to grant a divorce. We agree with plaintiff that a judgment void for want of subject-matter jurisdiction may be attacked collaterally even by the party who invoked the court's jurisdiction. See Section I, *supra.* However, we disagree that reconciliation goes to the jurisdiction of the court.

The loose practice has developed, even in some judicial opinions, of saying that a court had no "jurisdiction" to take certain legal action when what is really meant is that the court had no legal "right" to take the action, that it was in error. If the loose meaning were correct, endless litigation would be provoked since every decree or judgment by an erring tribunal would be void and subject without a time limit to collateral attack. *Buczkowski v Buczkowski,* 351 Mich 216, 222 (1958).

In *Tackaberry v Tackaberry,* 101 Mich 102, 104 (1894), the Supreme Court stated, "It is clear that the reconciliation did not operate to divest the court of jurisdiction".

Affirmed. Costs to defendant.*

All concurred.

---

* This case was filed in this Court under a claim of appeal. The Court has treated this appeal as an application for a delayed appeal and granted the delayed appeal.