COOPER v AUTOMOTIVE FINISHES, INC

Docket No. 53696. Submitted May 18, 1981, at Detroit.—Decided September 11, 1981.

Donald E. Cooper brought an action against Automotive Finishes, Inc., and Lee Trillich, alleging wrongful discharge from employment. A notice of mediation was given, and the mediation board rendered an evaluation of plaintiff's claim. Pursuant to Wayne Circuit court rule, the evaluation was deemed to have been accepted upon defendants' failure to reject the evaluation in writing, and judgment was entered, Wayne Circuit Court, Harry J. Dingeman, J. Defendants subsequently moved for leave to file a belated rejection, which motion was denied. Defendants appeal, alleging that the lower court erred in finding that it had no discretion to grant defendants relief from the final judgment. *Held:*

1. The lower court properly determined that it had no discretion to interpret the local court rule so as to grant defendants' motion.

2. The lower court erred in failing to recognize that it had the power to exercise its discretion to grant relief from the final judgment pursuant to a general court rule, requiring reversal and remand to the lower court for a discretionary determination relative to whether defendants should be granted relief from the final judgment on the basis of the grounds enumerated in the general court rule.

Reversed and remanded.

1. MOTIONS AND ORDERS — LABOR RELATIONS — MEDIATION — EVALUATION OF CLAIMS — LOCAL COURT RULES.

A motion for leave to file a belated rejection of a mediation board's evaluation of a claim of wrongful discharge from employment may be denied where the applicable local court rule clearly and unambiguously requires written rejection of the evaluation within a specified period of time and the claimant

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations §§ 2067-2069.
[2] 46 Am Jur 2d, Judgments § 675.

fails to comply with the rule, resulting in an entry of judgment (WCCR 403.7[e], 403.15[a]).

2. JUDGMENTS — RELIEF FROM JUDGMENTS — LOCAL COURT RULES — GENERAL COURT RULES.

Relief from a final judgment entered pursuant to a local court rule may be obtained on the ground of mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief pursuant to a general court rule (GCR 1963, 528.3).

*Kurzman & Phelan,* for plaintiff.

*Karbel, Eiges, Rothstein & Karbel, P.C.,* for defendant.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and R. H. PANNUCCI,* JJ.

V. J. BRENNAN, P.J. Defendants appeal as of right from a judgment in favor of plaintiff entered on September 4, 1980, pursuant to an order denying defendants' motion for leave to file a belated rejection of a mediation board's evaluation and to set aside a judgment, entered on September 3, 1980, by Wayne County Circuit Court Judge Harry J. Dingeman.

Plaintiff's complaint alleged that plaintiff was wrongfully discharged from his employment solely on the basis of his age. A notice of mediation was mailed to the attorneys of record setting the hearing for May 22, 1980. The mediation board unanimously evaluated plaintiff's claim at $4,500. This notice was mailed to the attorneys on May 22, 1980. The notice stated that if the evaluation was not rejected within 40 days, it "shall be deemed to be accepted" and an appropriate judgment entered pursuant to Wayne County Court Rule 403 (WCCR 403). In a notice dated July 8, 1980, the mediation

---

* Circuit judge, sitting on the Court of Appeals by assignment.

board notified both attorneys of record that the
evaluation had been accepted by the failure to
reject the evaluation as provided by rule 403.7(e)
and, accordingly, a judgment was being entered
pursuant to the provision of rule 403.15(a).

Shortly thereafter, defendants filed a motion for
leave to file a belated rejection of the mediation
board's evaluation of plaintiff's claim and to set
aside the judgment. The motion was heard on July
25, 1980. Counsel candidly admitted that he did
not realize the Wayne County court rule had been
amended to require written rejection and had
proceeded under the old rule that a failure to
accept amounted to a rejection. Counsel argued
that he had not intended to accept the evaluation,
especially since defendants believed plaintiff's
claim had no value whatsoever. He stated that in
"good conscience" the judgment should be set
aside. The court took the matter under advise-
ment. An opinion was filed on August 8, 1980, in
which the court found that defendants inadver-
tently failed to reject the evaluation in accordance
with WCCR 403.7(e) and then denied the motion,
stating:

"Although there appear to be equitable considera-
tions here which might be considered favorably by an
appellate court, it is the opinion of this court that the
local court rule provides it with no discretion in inter-
pretation thereof."

An order denying the motion was entered on
September 3, 1980, and a judgment in favor of
plaintiff was entered on September 4, 1980.

The issues on appeal require interpretation of
the lower court's discretion under primarily two
court rules: Wayne County Court Rules 403.7(e)
and 403.15(a), dealing with entry of judgment on

an unrejected mediation evaluation, and GCR 1963, 528.3, dealing with relief from a final judgment.

On appeal, defendants argue that the lower court erred in finding that it had "no discretion in interpretation" of WCCR 403, and, consequently, that it was obligated to deny their motion to file a belated rejection and to enter final judgment on the mediation evaluation.

In this determination, we find no error. The language of WCCR 403 is clear and unambiguous in requiring written acceptance or rejection within 40 days and in providing that "a judgment will be entered" if the evaluation is not rejected. WCCR 403.7(e), 403.15(a). Defendants' failure to respond to the mediation evaluation must be construed under the local court rule as substantively accepting the evaluation. The policy of the rule is to expedite and simplify final settlement of cases. This Court concludes that the time limitatons operate to achieve these ends and that no party is prejudiced by a strict enforcement of the rule. Denial of the motion to file a belated rejection and entry of final judgment was therefore proper.

The foregoing determination, however, does not preclude automatically any possibility of relief from the resultant final judgment. GCR 1963, 528.3 provides broadly for discretionary relief from a final judgment upon any grounds that would establish the injustice of permitting the judgment to stand. This provision provides the mechanism by which the court is permitted to exercise its discretion in striking a balance between the desire to achieve finality and to remedy injustice.

GCR 1963, 528.3 provides in pertinent part that:

"On motion and upon such terms as are just, the

court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment."

We conclude that this subrule 528.3 was available to the court to enable it to make a discretionary decision on whether relief could be granted from the mediation final judgment. In short, the court had the power under GCR 1963, 528.3 to consider whether to grant or deny a motion for relief on the basis of the enumerated grounds.

Since the trial court can exercise its discretionary power under GCR 1963, 528.3, we reverse and remand for the court's discretionary determination of whether counsel's admitted unawareness of the necessity to send a written rejection within 40 days constitutes either mistake, inadvertence, surprise, excusable neglect, or a reason justifying relief from the operation of the judgment.

No costs on this appeal to either party. We retain no further jurisdiction.