POSTILL v POSTILL

Docket No. 57969. Submitted April 19, 1982, at Lansing.—Decided May 21, 1982. Leave to appeal applied for.

Plaintiff, Sally A. Postill, was divorced from defendant, Frederick J. Postill, on July 5, 1977. The property settlement provided that it was being made in lieu of dower and "in full satisfaction of all claims the plaintiff may have in any property which the said defendant, Frederick J. Postill owns or may hereafter own, or in which he has or may hereafter have any interest". At the time of the divorce defendant had a libel action pending which ultimately led to a substantial judgment in his favor. On March 10, 1981, plaintiff moved to have the original property settlement set aside and to have 50% of any recovery by defendant in the libel action awarded to her. The Washtenaw Circuit Court, Ross W. Campbell, denied the motion. Plaintiff appealed. *Held:*

A party seeking relief from a final judgment of divorce rendered several years earlier must generally show fraud upon the court. A spouse's chose in action constitutes property subject to equitable distribution incident to a divorce. No fraud was shown, as plaintiff knew of the existence of defendant's libel action.

Affirmed.

1. DIVORCE — PROPERTY — RIGHT OF ACTION.

A spouse's chose in action constitutes property subject to equitable distribution incident to a divorce.

2. DIVORCE — RELIEF FROM JUDGMENTS — FRAUD.

A party seeking relief from a final judgment of divorce rendered several years earlier must generally show fraud upon the court.

*Simon, Deitch, Siefman & Tucker* (by *Donald F. Tucker* and *Peter B. Kupelian),* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 883.
    41 Am Jur 2d, Husband and Wife § 105.
[2] 24 Am Jur 2d, Divorce and Separation § 443.

*Philip Green,* for defendant.

Before: M. J. KELLY, P.J., and CYNAR and G. R. COOK,* JJ.

PER CURIAM. Plaintiff, Sally A. Postill, was granted a divorce on July 5, 1977. On March 10, 1981, plaintiff moved for relief from the final judgment of divorce. Plaintiff's motion was heard and denied on April 2, 1981. Plaintiff appeals as of right.

Prior to the divorce being granted, defendant, Frederick J. Postill, became involved in a brawl at a wedding reception in Chelsea, Michigan. In response to news coverage given the incident by the Ann Arbor News and statements made to the News by certain individuals, Frederick Postill initiated a libel action against Booth Newspapers and other defendants.

The divorce was granted plaintiff on July 5, 1977, pursuant to defendant's default. The property settlement awarded plaintiff a house which was recorded in her name, her 1973 Pontiac automobile, and all other personal property which was in her possession. The defendant was awarded his 1976 Chevrolet pickup truck and all other personal property which was in his possession. The settlement also provided that it was being made in lieu of dower and "in full satisfaction of all claims the plaintiff may have in any property which the said defendant, Frederick J. Postill owns or may hereafter own, or in which he has or may hereafter have any interest". On November 7, 1977, Frederick Postill's libel suit was dismissed for lack of progress. On February 28, 1978, the complaint was either reinstated or a new action was filed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The libel suit eventually resulted in an award of $200,000 in actual and exemplary damages and $500,000 in punitive damages in favor of Frederick Postill. The trial judge, however, cancelled the punitive damages award.

On March 10, 1981, Sally Postill moved to have the original property settlement set aside and to have 50% of any recovery by Frederick Postill in the libel action awarded to her. On April 2, 1981, plaintiff's motion was heard and denied.

A right of action is property and therefore is suitable for division between divorcing parties. *Heilman v Heilman,* 95 Mich App 728, 731; 291 NW2d 183 (1980), *lv den* 409 Mich 893 (1980). The trial court erroneously held, however, that as a "matter of law, the cause of action in tort was not a marital asset".

Plaintiff's motion for relief from the judgment of divorce was made pursuant to GCR 1963, 528.3(6). The rule provides that such a motion shall be made within a reasonable time and that a motion made due to earlier mistake, inadvertence, surprise, or excusable neglect shall be made within one year after the judgment order was entered. Plaintiff's motion for relief was made three years and eight months after the divorce judgment was entered. Thus, plaintiff's motion was not timely made.

The relief obtainable under GCR 1963, 528.3 is discretionary with the trial court *Cooper v Automotive Finishes, Inc,* 109 Mich App 530, 533-534; 311 NW2d 414 (1981). However, where a party seeks relief from a final judgment of divorce rendered several years earlier, the party is ordinarily required to establish fraud upon the court. *MacArthur v Miltich,* 110 Mich App 389, 390-391; 313 NW2d 297 (1981), *Berar Enterprises, Inc v Har-*

*mon,* 101 Mich App 216, 227-231; 300 NW2d 519 (1980). Fraud was not alleged in the instant case, nor did plaintiff advance any other reason sufficient to mandate relief. See *Molnar v Molnar,* 110 Mich App 622; 313 NW2d 171 (1981). As noted by the trial court, "the cause of action was not only known to both parties but was a matter of public record and was still pending at the time of the divorce". Thus, the circuit court acted properly in refusing to grant plaintiff relief from the divorce judgment. The trial court did not abuse its discretion in finding "no reason justifying reopening or setting aside the judgment of divorce".

Affirmed.