McGINN v McGINN

Docket No. 62018. Submitted October 2, 1982, at Grand Rapids.— Decided June 22, 1983.

Valaree J. McGinn, plaintiff, and Robert N. McGinn, defendant, were granted a judgment of divorce, Cheboygan Circuit Court. The property settlement provided that the defendant's military pension would remain his sole and separate property in exchange for which the defendant agreed to pay to the plaintiff $25,000 in monthly installments. Subsequently, the United States Supreme Court held that a military nondisability pension was the property of the serviceman only and not community property. (*McCarty v McCarty,* 453 US 210; 101 S Ct 2728; 69 L Ed 2d 589 (1981). The defendant petitioned the circuit court for modification of the divorce judgment seeking to have the property settlement provision awarding $25,000 to the plaintiff vacated. The court, John H. Butts, J., granted the defendant's motion. The plaintiff appealed. *Held:*

The trial court erred in granting modification of the divorce judgment. The final judgment should be given res judicata effect. The holding in *McCarty* should not be given retroactive effect.

Reversed.

DIVORCE — PROPERTY DIVISION — RES JUDICATA.

The doctrine of res judicata operates to prevent the relitigation of facts and law between the same parties or their privies; the doctrine applies to bar not only issues previously litigated and decided but also matters which might have been presented in the first action but were not and applies to property divisions made pursuant to divorce.

*Joseph J. Mellon,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE

24 Am Jur 2d, Divorce and Separation §§ 502, 946.

Divorce decree as res judicata in independent action involving property settlement agreement. 32 ALR2d 1145.

Default decree in divorce action as estoppel or res judicata with respect of marital property rights. 22 ALR2d 724.

*Lindsay & Lindsay* (by *Christopher F. Lindsay*), for defendant.

Before: R. B. BURNS, P.J., and MACKENZIE and T. L. BROWN,* JJ.

PER CURIAM. The issue in this appeal is whether the United States Supreme Court's decision in *McCarty v McCarty,* 453 US 210; 101 S Ct 2728; 69 L Ed 2d 589 (1981), applies to a divorce judgment entered prior to the decisional date of *McCarty,* June 26, 1981.

The parties were divorced on April 23, 1976, after 21 years of marriage. The judgment expressly reserved the question of property settlement in anticipation that the parties would eventually reach an agreement. The parties did subsequently agree upon a property settlement which was incorporated into a supplemental divorce judgment entered on December 6, 1976.

The property settlement provided that defendant's military pension would remain his sole and separate property, in exchange for which defendant agreed to pay a total of $25,000 to the plaintiff in monthly installments. The installments were to be made by automatic allotment directly from the government. In addition, defendant was required to obtain life insurance with death benefits payable to plaintiff in an amount equal to the balance due under the property settlement.

On July 13, 1981, defendant petitioned the trial court for modification of the divorce judgment, seeking to vacate the property settlement provision awarding $25,000 to plaintiff. Following a hearing, the trial court found the *McCarty* decision applicable to the prior judgment and granted

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant's motion pursuant to GCR 1963, 528.3(5). Plaintiff appeals as of right.

The Supreme Court in *McCarty* held that a military nondisability pension was the property of the serviceman only, and not a marital asset subject to division under the state's community property laws.[1] In *Grotelueschen v Grotelueschen,* 113 Mich App 395; 318 NW2d 227 (1982), this Court held that *McCarty* applies in Michigan even though that decision involved a community property state.

Plaintiff contends that the property settlement herein did not divide the military pension, but rather, awarded the entire pension to defendant. We need not address this contention because we find that *McCarty* does not apply to a final judgment entered prior to its decisional date.

---

[1] Congress recently passed the "Uniformed Services Former Spouses' Protection Act", 10 USC 1408; 96 Stat 730, § 1408(c)(1) of which provides:

"(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

The purpose of the provision is explained in S Rep No 97-502, 97th Cong, 2nd Sess, reprinted in 1982 U S Code Cong & Ad News 1596, 1611:

"The purpose of this provision is to place the courts in the same position that they were in on June 26, 1982, the date of the *McCarty* decision, with respect to treatment of non-disability military retired or retainer pay. The provision is intended to remove the federal preemption found to exist by the United State Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisable. Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution. This power is returned to the courts retroactive to June 26, 1981. This retroactive application will at least afford individuals who were divorced (or had decrees modified) during the interim period between June 26, 1981 and the effective date of this legislation the opportunity to return to the courts to take advantage of this provision."

See *De Gryse v De Gryse,* 135 Ariz 335; 661 P2d 185 (1983).

The doctrine of res judicata operates to prevent the relitigation of facts and law between the same parties or their privies. *Socialist Workers Party v Secretary of State,* 412 Mich 571, 583-584; 317 NW2d 1 (1982). The doctrine applies to bar not only issues previously litigated and decided but also matters which might have been presented in the first action but were not. *Jones v Chambers,* 353 Mich 674, 680; 91 NW2d 889 (1958); *Annabel v C J Link Lumber Co,* 115 Mich App 116, 123; 320 NW2d 64 (1982). Shortly after deciding *McCarty,* the United States Supreme Court reaffirmed the doctrine of res judicata in *Federated Department Stores, Inc v Moitie,* 452 US 394; 101 S Ct 2424, 2427; 69 L Ed 2d 103, 109 (1981):

"Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." (Citations omitted.)

While the appellate courts of this state have not previously considered this issue in a reported opinion, jurisdictions which have considered the question have almost uniformly declined to give *McCarty* retroactive effect. See, *e.g., In re Marriage of Allcock,* 107 Ill App 3d 150; 437 NE2d 392 (1982); *Rodriquez v Rodriquez,* 133 Ariz 88; 649 P2d 291 (1982); *In re Marriage of Vinson,* 57 Or App 355; 644 P2d 635 (1982); *Ex parte Hovermale,* 636 SW2d 828 (Tex Civ App, 1982); *Whenry v Whenry,* 98 NM 737; 652 P2d 1188 (1982); *Ex parte Gaudion,* 628 SW2d 500 (Tex Civ App, 1982); *In re Marriage of Fellers,* 125 Cal App 3d 254; 178 Cal Rptr 35 (1981); *In re Marriage of Sheldon,* 124 Cal

App 3d 371; 177 Cal Rptr 380 (1981), and *Erspan v Badgett,* 659 F2d 26 (CA 5, 1981).[2]

The substantial inequitable results which could occur from a retroactive application of *McCarty* were summarized in *Ex parte Gaudion, supra,* p 502:

"The *rationale* in *McCarty* for protecting military retirement was to make the military more attractive to those persons enlisting in *the future.* To apply the ruling to those now retired would in no way further the purpose of the decision. Moreover, in relitigating previous divorces, the Texas courts would be faced with piecing together lost, dispersed, used and possibly wasted assets, in an attempt to decide how best to redistribute the marital property. Finally, those cases in which the military retirement benefits were the sole substantial asset of the marriage would need to be handled by money judgments, assuming such would ever be collectible by the non-military ex-spouse."

Public policy demands finality of litigation in the area of family law to preserve surviving family structure. *Hovermale, supra,* p 836. To permit divorce judgments which have long since become final to be reopened so as to award military pensions to the husband as his separate property would flaunt the rule of res judicata and upset settled property distributions upon which parties have planned their lives. The consequences would be devastating, not only from the standpoint of the litigants, but also in terms of the work load of the courts. *In re Fellers, supra,* p 37.

The divorce judgment was complete as to all matters upon entry of the supplemental judgment on December 6, 1976. No appeal was taken from

---

[2] See *Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), for the factors to be considered in determining whether a new rule of law should be given retroactive effect.

that final judgment. We conclude that the final judgment must be given res judicata effect and that the trial court erred in granting modification of the judgment.

Reversed.