COLESTOCK v COLESTOCK

Docket No. 68539. Submitted March 8, 1984, at Lansing.—Decided June 18, 1984.

David M. Colestock and his wife Judy Ann Colestock filed a lawsuit in federal court seeking damages jointly and severally for injuries sustained by Mr. Colestock in an automobile accident. While that lawsuit was pending, Mr. Colestock filed a complaint for divorce in Eaton Circuit Court. The trial court, Richard Robinson, J., granted the divorce. The court ruled that Mr. Colestock's cause of action in the federal lawsuit was not a marital asset but that defendant was not precluded from asserting any claim she might have for herself or on behalf of the children arising out of that lawsuit. Five months later, plaintiff settled his federal tort claim. Defendant then filed a petition in Eaton Circuit Court to require plaintiff to disclose the amount of the settlement and to modify the divorce judgment. The court, Richard Robinson, J., issued an order declaring that plaintiff's settlement proceeds were a marital asset. During the interim between plaintiff's settlement of his federal claim and the circuit court's finding that the settlement proceeds were a marital asset, plaintiff remarried and substantially disbursed the settlement proceeds in the purchase of real property. In addition, defendant settled the federal tort action brought on her behalf and on behalf of the children for an undisclosed amount. Plaintiff's second wife, Lois Colestock, intervened in the circuit court action as a plaintiff. The trial court in its opinion granting defendant's petition to modify the judgment of divorce stated that it had incorrectly found that plaintiff's cause of action was not a marital asset and ruled that proofs be reopened on the issue of the portion of the settlement to be awarded defendant. Plaintiff and intervening plaintiff appeal. *Held:*

The trial court abused its discretion in granting defendant relief from the property settlement provisions of the divorce judgment. Defendant was aware of plaintiff's federal cause of

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 24 Am Jur 2d, Divorce and Separation § 958.
[2-4, 6] 24 Am Jur 2d, Divorce and Separation §§ 831 *et seq.*, 957.

action at the time of the divorce and should have appealed the court's initial ruling not to include plaintiff's cause of action in the marital estate subject to distribution. She chose not to appeal that ruling and cannot now collaterally attack the original judgment of divorce.

Reversed.

CYNAR, P.J., dissented. He would hold that the trial court did not abuse its discretion in holding that, under the circumstances, defendant merited relief from the judgment, as is permitted by the court rules. He would affirm.

### OPINION OF THE COURT

1. DIVORCE — PROPERTY SETTLEMENTS — FINAL JUDGMENTS.

Property settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified.

2. DIVORCE — PROPERTY DIVISION — RES JUDICATA.

A judgment of divorce dividing marital property is res judicata and not subject to collateral attack even if the judgment may have been wrong or rested on a subsequently overruled legal principle.

3. DIVORCE — PROPERTY SETTLEMENTS — RELIEF FROM JUDGMENT — COURT RULES.

A party may seek relief from the property settlement provisions of a judgment of divorce within a reasonable time for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under GCR 1963, 527.2; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment; however, before a party may obtain relief from a judgment under the broad language of reason (6), three conditions must be satisfied: (a) the reason for setting aside the judgment must not fall under categories (1) through (5), (b) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (c) extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice (GCR 1963, 528.3).

4. JUDGMENTS — RELIEF FROM JUDGMENTS — COURT RULES.

The decision to grant or deny relief from a final judgment for mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief rests within the trial court's discretion (GCR 1963, 528.3).

5. DIVORCE — PROPERTY SETTLEMENTS — MODIFICATION OF SETTLEMENT PROVISIONS — INTERVENING MARRIAGE.

A petition seeking to modify the settlement provisions of a divorce judgment filed an appreciable time after the judgment has been entered should affirmatively show any change which has taken place in the status of the parties, and when the judgment has been followed by the marriage of one of the parties, the court should see to it that the interests of the innocent third party are fully protected.

6. JUDGMENTS — RELIEF FROM JUDGMENTS — CLEAR LEGAL ERROR.

Not every error or irregularity in the proceedings which resulted in a judgment, even if sufficient to warrant reversal on direct appeal, may be urged in support of a motion to be relieved from that judgment, were it otherwise, no judgment would be final; where, however, a clear legal error creates the potential for a serious inequity, a trial court's decision to afford relief should not be disturbed.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P.C.* (by *John L. Coté* and *Frederick M. Baker, Jr.*), and *Lawrence Nolan & Associates, P.C.* (by *Lawrence Nolan*), for plaintiffs.

*Willard L. Mikesell,* for defendant.

Before: CYNAR, P.J., and R. B. BURNS and R. L. TAHVONEN,* JJ.

R. B. BURNS, J. Plaintiffs appeal from an order granting defendant's petition to modify the property settlement provisions of the judgment of divorce.

Plaintiff David M. Colestock and defendant Judy

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Ann Colestock were married on November 20, 1971. Two children were born during their marriage.

As a result of injuries sustained by plaintiff in an automobile accident on September 7, 1979, the parties, represented by the same attorney, filed a lawsuit in federal court seeking damages jointly and severally.

On August 7, 1980, plaintiff filed a complaint for divorce. After the divorce action was filed defendant retained the same attorney who was representing her in the divorce action to file an appearance in the accident case.

A trial in the divorce case was held on June 15, 1981. The trial court ruled that plaintiff's cause of action in the tort suit was not a marital asset but that defendant was not precluded from asserting any claim she might have for herself or on behalf of the children arising out of the suit. The judgment of divorce entered on June 18, 1981, contains a provision which states that the judgment will not affect any of defendant's rights to proceed on her own behalf or on behalf of the children for any cause of action she may personally have as a result of the September 7, 1979, automobile accident. The judgment of divorce was silent as to plaintiff's potential recovery from the suit filed in federal court. Defendant did not appeal from the judgment of divorce.

On November 5, 1981, plaintiff settled his federal tort claim, which was dismissed on November 16, 1981. The settlement agreement and release signed by the plaintiff recites that plaintiff was settling his claims for noneconomic loss and was waiving his right to recover for economic loss. The noneconomic losses included but were not limited to pain and suffering, emotional trauma, anxiety,

embarrassment, humiliation and unsightly scarring.

Defendant filed a petition to modify the property settlement provisions of the divorce judgment on December 4, 1981. Defendant sought a determination by the trial court that the monies received by plaintiff as the result of his settlement in the federal tort action were marital assets subject to distribution between plaintiff and defendant.

On December 4, 1981, defendant's attorney filed a petition in the circuit court to require plaintiff to disclose the amount of the settlement and to modify the divorce judgment. Following a hearing, the court issued an order on July 1, 1982, declaring that the plaintiff's settlement proceeds were marital assets.

It should be noted that plaintiff married Lois Colestock, intervening plaintiff, on February 24, 1982, and that plaintiff substantially disbursed the settlement proceeds in the purchase of real property on March 21, 1982. In addition, *on April 20, 1982, defendant settled the federal tort action brought on her own behalf and on behalf of the children for an undisclosed amount.*

The trial court had also issued an opinion on June 18, 1982, granting defendant's petition to modify the judgment of divorce. The trial court stated that it had incorrectly found that plaintiff's cause of action was not a marital asset. The trial court ruled that proofs be reopened on the issue of the portion of the settlement to be awarded defendant.

Property settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified. *Boucher v Boucher,* 34 Mich App 213; 191 NW2d 85 (1971). A judgment of divorce dividing

marital property is res judicata and not subject to collateral attack, even if the judgment may have been wrong or rested on a subsequently overruled legal principle. *McGinn v McGinn,* 126 Mich App 689; 337 NW2d 632 (1983). Like all final judgments, a party may seek relief from the property settlement provisions of a judgment of divorce within a "reasonable time" for the following reasons:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under subrule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." GCR 1963, 528.3.

Before a party may obtain relief from a judgment under the broad language of GCR 1963, 528.3(6), three conditions must be satisfied: "(I) the reason for setting aside the judgment must not fall under subrules (1) through (5), (II) the substantial rights of the opposing party must not be detrimentally affected if the motion is set aside, and (III) extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice". *Lark v Detroit Edison Co,* 99 Mich App 280; 297 NW2d 653 (1980).

The trial court, defendant and defense counsel were all aware of plaintiff's pending tort action. At the time of trial, defendant was represented by

separate counsel in the federal tort suit. The trial court ruled that plaintiff's cause of action was not a marital asset. Thus, the question to be decided is whether the trial court's legal ruling at trial constitutes an extraordinary circumstance mandating modification of the property settlement provisions in order to achieve justice.

We find that the trial court's ruling at trial that plaintiff's cause of action in the tort suit was not a marital asset is not an extraordinary circumstance justifying relief from the operation of the judgment. In *Postill v Postill*, 116 Mich App 578; 323 NW2d 491 (1982), this Court affirmed the trial court's ruling which denied the plaintiff's motion pursuant to GCR 1963, 528.3(6) for relief from the judgment of divorce. The defendant in *Postill* initiated a libel action during the course of the marriage. At the time of the parties' divorce, the defendant was awarded $200,000 in the libel action. Thereafter, the plaintiff moved to have the property settlement set aside and to have 50% of the defendant's recovery awarded to her. Because the plaintiff was aware of the defendant's cause of action which was pending at the time of divorce, there was no reason justifying reopening or setting aside the judgment of divorce. *Postill, supra,* p 581.

The trial court abused its discretion in granting defendant relief from the property settlement provisions of the divorce judgment pursuant to GCR 1963, 528.3(6). Defendant should have appealed the trial court's initial ruling not to include plaintiff's cause of action in the marital estate subject to distribution. Instead, defendant waited until plaintiff negotiated a settlement and then sought to collaterally attack the previously rendered judgment of divorce. This she cannot do.

Reversed.

R. L. Tahvonen, J., concurred.

Cynar, P.J. *(dissenting)*. I am compelled to dissent from the majority's finding that the trial court abused its discretion in granting defendant relief from the property settlement provisions of the divorce judgment pursuant to GCR 1963, 528.3(6). I would affirm. The decision to grant or deny relief from a final judgment under GCR 1963, 528.3 rests within the trial court's discretion. *Cooper v Automotive Finishes, Inc,* 109 Mich App 530, 533-534; 311 NW2d 414 (1981).

In *Postill v Postill,* 116 Mich App 578; 323 NW2d 491 (1982), this Court affirmed the trial court's ruling which denied the plaintiff's motion pursuant to GCR 1963, 528.3(6) for relief from the judgment of divorce. At the time of the parties' divorce, the defendant's libel action was pending. Following the divorce, the defendant was awarded $200,000 in the libel action. This Court observed that the motion for relief from judgment was not made within a reasonable time. The motion in *Postill* was made three years and eight months after the divorce judgment was entered, and hence was not timely made.

It is not disputed that the settlement agreement and release in the present case is dated November 5, 1981, and the stipulation to dismiss is dated November 6, 1981. It is reasonable to presume that the negotiation between the parties involved in the settlement had to take place some time before November 5, 1981. A petition was filed on December 4, 1981, on behalf of defendant to require plaintiff to disclose the amount of recovery obtained in the accident case and for modification of the property distribution provision of the divorce judgment. The motion for modification was made

within a reasonable time under the facts of this case.

I have considered whether any substantial rights of plaintiff and intervening plaintiff would be adversely affected by relief from judgment. Plaintiff did invest the tort settlement proceeds in real estate, but did so several months after defendant had filed her petition to modify the divorce judgment. Had plaintiff followed the more prudent course of waiting until the modification petition had been resolved, any inconvenience would have been spared. This fact also affects my consideration of intervening plaintiff's rights.

Intervening plaintiff's interest in the property was acquired within several weeks following her marriage, was purchased with settlement proceeds acquired by plaintiff several months prior to the marriage, and obtained at a time when defendant's petition for modification was pending. While the trial court was certainly obligated to consider intervening plaintiff's interest, it was not compelled to ignore the circumstances under which it was acquired. Our facts merit comparison with those of *Carlisle v Carlisle,* 96 Mich 128; 55 NW 673 (1893), cited in support of intervening plaintiff's argument; there the Court stated:

> "In any case where a petition is filed after such a lapse of time, it should affirmatively appear what change, if any, has taken place in the *status* of the parties, and, when a decree has been followed by the marriage of one of the parties, the court should see to it that the interests of the innocent third party are fully protected * * *." (Emphasis in original.) *Carlisle, supra,* p 134.

The petition in *Carlisle,* however, was filed more than four years following the divorce decree; our

case does not involve "such a lapse of time". Moreover, intervening plaintiff did not marry plaintiff or acquire her property interest until after defendant's petition was filed. Upon due consideration of the facts, I would not find the second condition for operation of GCR 1963, 528.3(6) to be a barrier to relief from judgment. I have given attention to the requirement of "extraordinary circumstances".

In *Kaleal v Kaleal,* 73 Mich App 181; 250 NW2d 799 (1977), this Court found "extraordinary circumstances" justifying relief from a judgment of divorce because of a "unique factual context". In *Kaleal,* the plaintiff husband had assured the defendant wife that the sole reason for the divorce was his parents' desire that he marry his cousin so that his cousin and her family could come to America. The plaintiff had assured the defendant that the arrangement was temporary, that he would remarry the defendant, and that there was no need for her to protect her property or alimony rights. Finally, the defendant was not represented by counsel in the divorce proceedings. *Kaleal, supra,* p 186.

This case provides a less unique factual setting than that involved in *Kaleal;* nonetheless, I would find the requisite extraordinary circumstances under these facts. In *Banner v Banner,* 45 Mich App 148, 152; 206 NW2d 234 (1973), we observed that "[n]ot every error or irregularity in the proceedings which resulted in a judgment, even if sufficient to warrant reversal on direct appeal, may be urged in support of a motion to be relieved from that judgment. Were it otherwise, no judgment would be final". Where, however, a clear legal error creates the potential for a serious inequity, the trial court's decision to afford relief should not be disturbed.

This was a marriage of some ten years. Two children were born of the marriage. The total net assets disclosed in the divorce trial consisted of a family residence with an indebtedness thereon of $35,000, a parcel of vacant land, some household furniture and effects, and vehicles at a value of $9,000. Compare to this the size of plaintiff's settlement, and it becomes readily apparent that the trial court's initial ruling excluded from consideration the preeminent asset. I would conclude that the trial court did not abuse its discretion in holding that the circumstances merited relief from judgment, per GCR 1963, 528.3(6). However, it should be noted, I would not express any opinion as to what portion if any, defendant is entitled to share in plaintiff's personal injury cause of action which is a marital asset subject to division. *Heilman v Heilman,* 95 Mich App 728; 291 NW2d 183 (1980).