MATLEY v MATLEY (ON REMAND)

Docket No. 203423. Submitted December 2, 1999, at Detroit. Decided July 28, 2000, at 9:15 A.M.

Rose Marie Matley and Robert J. Matley agreed to binding arbitration in the Oakland Circuit Court to resolve disputes that arose regarding the parties' compliance with the terms of their consent judgment of divorce. An arbitrator issued an award indicating that Rose Marie Matley owed money to Robert Matley. The court, Denise Langford-Morris, J., after an evidentiary hearing, vacated the arbitral award on the basis of a finding that Robert Matley had committed fraud at the arbitration hearings by concealing certain facts. The Court of Appeals, DOCTOROFF, P.J., and SMOLENSKI and WHITBECK, JJ., affirmed. 234 Mich App 535 (1999). Robert Matley sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, vacated the decision of the Court of Appeals and remanded the case to the Court of Appeals for consideration of whether suppression or nondisclosure of relevant information known by both parties is sufficient to constitute a fraud on the court. 461 Mich 896 (1999).

On remand, the Court of Appeals *held*:

Fraud on the court cannot be committed in an adversary proceeding with respect to facts not known by the court, but known by both parties. In an adversary proceeding, each party or its advocate has the limited responsibility of presenting one side of the matters a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party or its advocate. In this case, fraud on the court cannot exist where the parties and their counsel were aware of the facts that were not disclosed to the arbitrator.

Reversed.

COURTS — FRAUD ON COURT.

A fraud is perpetrated on a court when some material fact is concealed from the court or some material misrepresentation is made to the court; fraud on the court cannot exist in an adversary proceeding where facts not disclosed to the court are known by both parties (MRPC 3.3).

*John W. Oldham* and *Rosemary A. Gordon,* for the defendant.

Before: DOCTOROFF, P.J., and SMOLENSKI and WHITBECK, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court for our consideration of whether "suppression or nondisclosure of relevant information *known to both parties* is sufficient to constitute a fraud on the court." *Matley v Matley,* 461 Mich 896 (1999). (Emphasis in original).

"A fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court." *Valentino v Oakland Co Sheriff,* 134 Mich App 197, 207; 351 NW2d 271 (1984), aff'd in part and rev'd in part 424 Mich 310; 381 NW2d 397 (1986); *MacArthur v Miltich,* 110 Mich App 389, 391; 313 NW2d 297 (1981). The question we are asked to address is whether a party can commit fraud on the court by concealing a fact from the court or making a material misrepresentation to the court when the relevant facts are known by the opposing party. In our original opinion, we concluded that the trial court's finding that defendant committed fraud at the arbitration hearing by concealing from the arbitrator the fact that he had taken the Honda vehicle from plaintiff's possession in March 1993 was not clearly erroneous despite the fact that plaintiff knew that defendant had taken the vehicle. *Matley v Matley,* 234 Mich App 535, 539-540; 594 NW2d 850 (1999), vacated 461 Mich 896 (1999). However, upon reconsideration, we now con-

clude that fraud on the court cannot be committed in an adversary proceeding with respect to facts not known by the court, but known by both parties.

In *Postill v Postill*, 116 Mich App 578; 323 NW2d 491 (1982), after the entry of a divorce judgment, the defendant husband received a judgment in his favor in a libel suit that had been pending during the marriage. Three years and eight months after the divorce judgment was entered, the plaintiff moved to have the divorce judgment set aside and to have half of the judgment in the libel suit awarded to her. *Id.* at 580. The trial court denied the plaintiff's motion. On appeal, this Court noted that the plaintiff's motion for relief from judgment was based on GCR 1963, 528.3(6)[1] and was not timely made under that rule, which required that a motion for relief from judgment be made within one year after the judgment was entered. *Postill, supra* at 580. However, this Court then commented that a party seeking relief from a final divorce judgment entered several years earlier is ordinarily required to establish fraud on the court. *Id.* This Court noted that the plaintiff did not allege fraud in her motion, but held that, because the libel cause of action was known to both parties and was a matter of public record, the trial court did not abuse its discretion in concluding that no reason justified the setting aside of the divorce judgment more than three years after it was entered. *Id.* at 581.

On the basis of *Postill*, we conclude that fraud on the court cannot exist where both parties are aware of the relevant information. We find further support for this conclusion in the Michigan Rules of Profes-

---

[1] The current version of GCR 1963, 528.3(6) is found at MCR 2.612(C).

sional Conduct. Michigan Rule of Professional Conduct 3.3(d) provides that "[*i*]*n an ex parte proceeding*, a lawyer shall inform the tribunal of *all* material facts that are known to the lawyer and that will enable the tribunal to make an informed decision, *whether or not the facts are adverse.*" (Emphasis added.) The comment following MRPC 3.3 addresses the difference between an advocate's duty during an ex parte proceeding and during an adversary proceeding, explaining that an advocate normally "has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party." It is only during an ex parte proceeding that the lawyer for the represented party has a duty "to make disclosures of material facts that are known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision." See Comment following MRPC 3.3. If an advocate generally has the responsibility to present only one side of the matters at issue, then a party cannot commit fraud on the court by failing to disclose to the court facts that are adverse to his position where the facts are known by the opposing party.

Here, both parties were represented by counsel at the arbitration hearing. Therefore, defendant and his attorney had "the limited responsibility of presenting one side of the matters that a tribunal should consider" to make its decision. MRPC 3.3. While it is inequitable, and contrary to the divorce judgment, that plaintiff was required to make the lease and insurance payments for the months the Honda was not in her possession, it was plaintiff's responsibility

to correct any incorrect statement of fact or omission of fact made by defendant during the arbitration proceedings and to inform the court that the Honda had not been in her possession since March 1993. She had the opportunity to do so in her arbitration brief and at the arbitration hearing, where she was represented by counsel.

Because we are now convinced that fraud on the court cannot exist in an adversary proceeding where the relevant facts are known by both parties, we reverse our initial decision and conclude that the trial court clearly erred in determining that defendant committed fraud at the arbitration.

Reversed.