# STATE OF MICHIGAN

# COURT OF APPEALS

---

ROLONDO CAMPBELL, VALERIE MARTIN,
and PAUL CAMPBELL,

        Plaintiffs-Appellants,

v

U-WIN PROPERTIES, LLC, SUSAN BOGGS,
and LINNELL & ASSOCIATES, PLLC,

        Defendants-Appellees.

UNPUBLISHED
November 21, 2017

No. 333429
Wayne Circuit Court
LC No. 15-014545-CZ

---

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Plaintiffs appeal as of right a May 26, 2016, order granting summary disposition to defendants. We affirm.

Plaintiff Rolondo Campbell (RC),[1] acting in propria persona, filed a circuit-court complaint against defendants on November 9, 2015. The complaint is less than clear in describing the posture of the case,[2] but the record reveals that RC had defaulted on a land contract with defendant U-Win Properties, LLC (U-Win), an entity of which defendant Susan Boggs was a member and an entity that was represented by defendant Linnell & Associates, PLLC (Linnell). Defendants evicted RC from the premises. RC claimed in the complaint that the eviction was illegal because he had filed an action to stop the allegedly illegal eviction and the court had given RC 14 days to cure a procedural defect relating to the appeal, but he was evicted on November 24, 2014,[3] one day, he claims, before the expiration of the 14-day period. RC alleged that defense counsel engaged in "scandalous" behavior and committed fraud upon the court by asking the bailiff to enforce the eviction order. RC sought treble damages of over

---

[1] Certain documents in the record refer to this plaintiff as "E3A," RC's company.

[2] RC requested that that the court view the complaint liberally because he was representing himself.

[3] The complaint lists the year as 2015, but this is obviously a clerical error.

$400,000 for property damage and damages "based on evidence [of] . . . contempt for the court order."

On December 14, 2015, Linnell filed a motion for summary disposition under MCR 2.116(C)(8) and (10).[4] Linnell's supporting documentation shows that the district court had entered a default judgment on January 10, 2014, against RC for breach of the land contract. The court subsequently entered a writ of restitution/eviction, but on May 12, 2014, RC filed for bankruptcy and the district court stayed the proceedings. The bankruptcy proceeding was dismissed in June 2014, the district court lifted the stay, RC failed to appear for a hearing, and the district court issued a second writ of restitution and an order of eviction on October 15, 2014. Thereafter, RC filed an appeal in the circuit court, but the appeal was dismissed on November 21, 2014, for a failure "to pursue the appeal in conformity with the court rules."[5] Linnell stated that the eviction took place on November 25, 2014; Linnell claimed that defendants moved forward with the eviction because of the circuit court's dismissal of RC's appeal.

The lower-court record in this case is somewhat piecemeal,[6] but it appears that RC filed a motion to reinstate his appeal on December 19, 2014. At the motion hearing on July 27, 2015, defendants Boggs and U-Win argued that, according to the circuit-court register of actions in the case involving RC's appeal, a "notice of intent to dismiss appeal" was sent on November 10, 2014, and plaintiff had 14 days from then to cure any defects, which he did not do, resulting in dismissal. Defendants Boggs and U-Win stated that defendant was properly evicted on November 24, 2014.[7] The court stated that RC had had until November 24, 2014, to cure any defects and that eviction should not have occurred until November 25. The court "set aside the dismissal, reinstate[d] the case and allow[ed] [RC] to file a register of action[s] and allow[ed] [the] case to proceed on the merits."[8]

On February 11, 2016, RC filed a long and difficult-to-follow response to Linnell's motion for summary disposition in the present action for damages, claiming that Linnell used fear and manipulation against RC and committed fraud upon the court. On February 17, 2016, Linnell filed a reply to RC's brief, stating, in part: "From what . . . Linnell . . . could decipher from [RC's] [r]esponse, he appears to argue Linnell knew that the court order was issued in error and that Linnell continues 'its usual web of lies' as a defense." Linnell stated that RC provided no support for his allegation of lying and that "[t]he undisputed facts are that [RC] failed to

---

[4] Linnell claimed, among other things, that as counsel it was simply following a valid court order. It also claimed that no property of RC's was damaged during the eviction.

[5] Later documents indicate that the failure to conform involved the absence of a copy of the register of actions.

[6] The record reflects that certain files were misplaced and had to be recreated.

[7] Note that this differs from the date claimed by Linnell. RC provided documentary evidence that the eviction did occur on November 24, and Linnell now concedes this on appeal.

[8] Again, this is an order from the case involving RC's appeal—a separate case from the current case involving his request for damages. The appeal was ultimately not successful.

-2-

comply with the [l]and [c]ontract, and was evicted with a signed writ of eviction from the [d]istrict [c]ourt . . . that was executed by the court bailiff." (Emphasis removed.)

The motion hearing took place on February 24, 2016. Linnell stated that it was simply acting in accordance with court orders and that RC provided no proof of damages. RC quoted liberally and repeatedly from the Bible and claimed that Linnell acted fraudulently. The court noted that the record contained a "valid" and "acceptable" order of eviction dated October 15, 2014. It then stated that RC's pleadings were "not specific enough," "overbroad," and "not clear[.]" On the basis of this lack of specificity, the court dismissed the complaint without prejudice, but allowed for an amendment.

On March 17, 2016, RC, along with his girlfriend, plaintiff Valerie Martin, and RC's son, Paul Campbell, filed an amended complaint, this time using an attorney. Plaintiffs alleged that although the circuit court had issued a Notice of Intent to Dismiss Appeal, with a 14-day cure period, on November 10, 2014, RC did not receive this notice. Plaintiffs alleged that defendants should have known that the November 21, 2014, dismissal of the appeal was erroneous because it was clearly issued before the expiration of the 14-day cure period. Plaintiffs stated that defendants, after receiving the November 21 order of dismissal, contacted the district court ex parte in order to proceed with the eviction. Plaintiffs stated that, in any event, the stay of eviction had never been officially lifted because "[a] stay of eviction is not automatically removed following the dismissal of an appeal." Plaintiffs further stated that the eviction occurred on November 24, 2014, and that this was improper because November 24 was the last day of the 14-day cure period. Plaintiff set forth a count for unlawful eviction and a count for fraud.

On February 21, 2017, Linnell filed another motion for summary disposition under MCR 2.116(C)(8) and (10). Linnell claimed that (1) plaintiffs' claims were an unlawful collateral attack on a valid district court order, (2) plaintiffs showed no illegal eviction causing damages and plaintiffs had merely "decide[d] that . . . the . . . order reinstating the appeal is the same thing as rendering complete and unequivocal judgment in [their] favor," (3) there was no extrinsic fraud and thus no basis for an independent action for fraud, (4) plaintiffs Martin and Paul Campbell were not parties in the district court and thus could not have any claim for fraud, (5) plaintiffs did not plead fraud with specificity and failed to identify any misrepresentation, (6) plaintiffs lacked standing because if any entity was defrauded it was the court, and (7) plaintiffs should be sanctioned for a frivolous complaint.

Plaintiffs responded by noting that, at the July 27, 2015, hearing involving RC's attempt to reinstate the appeal, the circuit court had agreed that eviction on November 24, 2014, had been improper. Plaintiffs further stated that Linnell did not act pursuant to a valid court order because the order of eviction had been stayed pending appeal and the stay had not been lifted at the time of the eviction. Regarding fraud, plaintiffs stated that "Linnell's ex parte communication unlawfully seeking authorization for eviction prevented the Campbells from presenting their side of the issue in [a] matter of significant importance [and] is actionable under any standard." Plaintiffs also argued that they had standing because they suffered harm from the allegedly illegal eviction and that no collateral attack was taking place because plaintiffs were not seeking to repossess the property but were challenging the "unlawful method by which [d]efendants evicted them."

On May 5, 2016, Boggs and U-Win filed a motion for summary disposition under MCR 2.118(C)(8). Boggs and U-Win stated that, because they were the owners of the property and acted under a court order, statutory law prohibited plaintiffs' action for unlawful eviction. They further stated that the fraud count was untenable because the complaint "lacks any particular . . . fraud allegations . . . tailored to [d]efendants . . . Boggs and U-Win . . . ." (Emphasis removed.) Plaintiffs responded by "restat[ing] and incorporat[ing]" their response to Linnell and also by stating that summary disposition should not be granted to Boggs and U-Win because discovery was incomplete.

On May 18, 2016, Linnell filed a reply to plaintiffs' response, stating that, despite plaintiffs' insistence to the contrary, plaintiffs were directly and obviously attempting to re-litigate the issue of eviction carried out by way of a valid court order. Linnell also stated that, once the appeal was dismissed, the stay of eviction was *automatically* lifted. Linnell also stated that plaintiffs could not prove fraud because they did not even allege that Linnell made false statements; in other words, Linnell merely communicated that the circuit-court appeal had been dismissed, and it had in fact been dismissed. Linnell stated that if plaintiffs suffered any damages during the eviction, the court, not Linnell, would be the proper defendant.

The motion hearing took place on May 25, 2016. The court did not provide a detailed opinion, stating:

> [D]ue to the long and sordid history of this case, this is a situation where there was reliance on the initial writ of execution, which was presented by Judge Millender of the [d]istrict [c]ourt and that was what the defendants did rely on, once these matters were resolved relative to the appeal. That being said, the [c]ourt doesn't feel that there is any rational basis for this case to continue and the [c]ourt will grant summary disposition, on behalf of the defendants.

On May 26, 2016, the court entered a written order granting Linnell's motion "for the reasons stated on the record." The court added: "This case is therefore dismissed as to all [d]efendants including . . . Boggs and U-Win . . . ."

We review de novo a trial court's ruling regarding a motion for summary disposition. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). A defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a plaintiff's complaint. *Joseph*, 491 Mich at 206. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. See *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999), superseded in part on other grounds by statute as stated in *Dell v Citizens Ins Co of America*, 312 Mich App 734, 742; 880 NW2d 280 (2015). The moving party "must specify the issues for which it claims there is no genuine factual dispute. Provided the moving party's motion is properly supported, . . . the opposing party must then respond with affidavits or other evidentiary materials that show the existence of a genuine issue for trial." *Skinner v Square D Co*, 445 Mich 153, 160; 516 NW2d 475 (1994), overruled in part on other grounds by *Smith*, 460 Mich at 455 n 2. The court reviewing the motion

must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. If the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Joseph*, 491 Mich at 206 (citations omitted).]

"A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone. The purpose of such a motion is to determine whether the plaintiff has stated a claim upon which relief can be granted. The motion should be granted if no factual development could possibly justify recovery." *Beaudrie v Henderson*, 465 Mich 124, 129-130; 631 NW2d 308 (2001).

Plaintiffs contend that defendants violated MCL 600.2918(1), which indicates that a person may not be "ejected or put out of any lands . . . in a forcible and unlawful manner . . . ." Plaintiffs admit that an eviction is lawful if carried out pursuant to a court order. See MCL 600.2918(3)(a). Plaintiffs reiterate their argument that defendants could not have relied on the October 15, 2014, order of eviction because that order had been stayed on November 6, 2014, and the stay had not been lifted at the time of eviction.[9] Plaintiffs also argue that proper eviction required a reissuance of a writ of eviction following the erroneous dismissal of the appeal on November 21, 2014.

Plaintiffs' arguments are unavailing. We must interpret MCL 600.2918(3)(a) as written. See *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002) (discussing statutory interpretation). As noted in *Sewell v Clean Cut Mgmt, Inc*, 463 Mich 569, 576-577; 621 NW2d 222 (2001), "[W]here the district court judgment and writ have not been reversed or vacated, they are conclusive on the narrow issue whether eviction was proper." The simple fact is that defendants, in evicting plaintiffs or in facilitating the eviction of plaintiffs, were acting pursuant to a court order. Defendants had no need to seek reissuance of a writ of eviction when the order in question had not been overturned or vacated. And it was not the responsibility of defendants to analyze the correctness of the order. As stated in *Johnson v White*, 261 Mich App 332, 346; 682 NW2d 505 (2004), "A person may not disregard a court order simply on the basis of his subjective view that the order is wrong or will be declared invalid on appeal." (Quotation marks and citation omitted.)[10]

Plaintiffs assert that the October 15, 2014, order was not in effect at the time of the eviction because an order lifting the stay had not been entered. Under MCR 4.201(N)(3)(b), the filing of a proper claim of appeal from a possessory judgment stays an order of eviction. Despite plaintiffs' protestations to the contrary, MCR 7.101 through 7.115 generally apply to the present

---

[9] In discussing this issue, plaintiffs intertwine elements of their fraud claim. We address the fraud claim separately.

[10] Plaintiffs contend that this quotation is inapposite because the order was valid, i.e., not "wrong," but had been stayed. The general gist of this quotation applies to the present situation.

case.[11] See MCR 4.201(N)(1) and MCR 4.202(L). MCR 7.108(B)(4)(c) states, in part, "Unless otherwise ordered, the stay shall continue until jurisdiction is again vested in the trial court or until further order of an appellate court." It is simply not disputable that, when the circuit court dismissed RC's appeal, the matter vested again in the district court, where the unexecuted order of eviction remained. Plaintiffs attempt to argue that because RC had 14 days to move for reinstatement of the appeal under MCR 7.113(A)(2), the dismissal of the appeal was "stayed" for 14 days from November 21, 2014—until December 5, 2014. The court rules do not state this, however. And the statute upon which plaintiffs rely, MCL 600.5744(5), states that a writ of restitution shall be tolled "until the disposition of the appeal or motion for new trial is final." On November 21, 2014, there was indeed a final disposition of the appeal; the circuit court stated that the order of dismissal "resolves all pending claims and hereby closes the above captioned matter." Whether RC would seek reinstatement of the appeal under MCR 7.113(A)(2) was merely hypothetical, and we note that, in the end, RC did not seek reinstatement until December 19, 2014.

Plaintiffs argue that defendants committed fraud. We disagree. As noted in *Marley v Matley*, 242 Mich App 100, 101; 617 NW2d 718 (2000), "A fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court." (Quotation marks and citations omitted.) The crux of plaintiffs' fraud claim is a facsimile of the circuit-court dismissal order sent by Linnell to the district court, as well as Linnell's allegedly fraudulent representation to the district court bailiff that the October 15, 2014, order of eviction was valid. However, the dismissal by the circuit court, as discussed above, lifted the stay and re-activated the order of eviction.[12] Defendants, quite simply, did nothing wrong.

Plaintiffs also contend that the circuit court's ruling was not sufficiently detailed and provided inadequate bases for the judgment. We cannot agree, because the ruling makes clear that the court, in ruling for defendants, was relying on the fact that an order of eviction existed and acknowledging that, once the appeal was dismissed, the order was properly executed.[13]

Affirmed.

---

[11] We find no exception taking this case out of the purview of these rules as they apply to the present appeal. MCR 4.201(N)(1) states that MCR 7.101 through 7.115 apply to appeals from possessory judgments "[e]xcept as provided by this rule . . . ." MCR 4.202(L) states that MCR 7.101 through 7.115 apply to appeals from judgments in land-contract forfeiture cases "[e]xcept as provided by this rule or by law . . . ."

[12] The district court obviously did not have the power to change or ignore an order of a higher court.

[13] We reject plaintiffs' argument, based on nonbinding case law, that defendants are prohibited on appeal from presenting authorities and legal arguments that it did not present below. Defendants are not attempting to raise any new issues but are simply supporting the issues at hand.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan