*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEIL SWEAT,

Plaintiff-Appellant,

v

DETROIT HOUSING COMMISSION,

Defendant-Appellee.

UNPUBLISHED
August 15, 2024

No. 364752
Wayne Circuit Court
LC No. 12-005744-CD

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(7) to defendant in this breach-of-contract action based on a collective bargaining agreement (CBA). We affirm.

## I. BACKGROUND

Plaintiff's claims arise out of two disciplinary actions that defendant initiated against plaintiff, its former employee. This is the sixth time this case has reached this Court. The pertinent facts of this case were stated in this Court's opinion in *Sweat v Detroit Housing Comm'n*, unpublished per curiam opinion of the Court of Appeals, issued March 20, 2018 (Docket No. 337597) (*Sweat II*):

> Plaintiff is a former employee of the DHC [Detroit Housing Commission]. While employed with the DHC, plaintiff was responsible for collecting and processing rent checks from tenants and cleaning out housing units to prepare them for new tenants. The DHC's policies called for rent checks to be processed within 24 hours of receipt. As an employee of the DHC, plaintiff was represented for collective bargaining purposes by the American Federation of State, County and Municipal Employees, Council 25, Local 2394 (the "union"). In 2008, the DHC suspended plaintiff for 30 days for failure to timely process two rent checks and to clean out housing units properly. In 2009, plaintiff received another 30-day suspension with a recommendation for termination after the DHC alleged, among other things, that plaintiff again failed to timely process rent checks. The DHC

-1-

further alleged that this failure resulted in delays in posting rent payments to residents' accounts and triggered the assessment of approximately $750 in late fees, which the DHC then had to remove from residents' accounts. The DHC terminated plaintiff's employment on May 20, 2009.

After the DHC discharged plaintiff, he filed grievances with his union. When those did not produce the results he desired, he filed two unfair labor practice charges with the Michigan Employment Relations Commission ("MERC"): he charged the union with breach of the duty of fair representation, and the DHC with wrongful termination and age and disability discrimination. While these charges were pending, plaintiff filed the instant civil suit against the DHC alleging breach of contract, personal injury, retaliation, and discrimination based on age and disability. Plaintiff based his breach-of-contract claim on allegations that the DHC wrongfully terminated him and breached the collective bargaining agreement.

The DHC filed a motion for summary disposition in the trial court, alleging that the six-month statute of limitations provided for by §16(a) of the Public Employment Relations Act (PERA), MCL 423.201 *et seq*., barred plaintiff's civil action. The trial court granted the DHC's motion and plaintiff appealed, arguing in this Court that the PERA and its statute of limitations did not apply to his civil claim, which was governed instead by the six-year statute of limitations found in MCL 600.5807(8). *Neil Sweat v Detroit Housing Comm*, unpublished per curiam opinion of the Court of Appeals, issued February 2, 2016 (Docket No. 324846) [(*Sweat I*)], p 1. This Court agreed with plaintiff, reversed that portion of the trial court's order granting the DHC summary disposition on plaintiff's breach-of-contract claim, and remanded the matter for further proceedings. *Id*. at 4, 5.

On remand, the DHC again moved for summary disposition. This time, the DHC relied on the MERC's decision and order disposing of plaintiff's unfair labor practice charge against the union, *In re AFSCME*, MERC Decision & Order (Case No. CU10 I–039), issued September 11, 2014, and this Court's affirmance of the same, *AFSCME Council 25 Local 2394 v Neil Sweat*, unpublished per curiam opinion of the Court of Appeals, issued February 2, 2016 (Docket No 323933), to contend that collateral estoppel and the law-of-the-case doctrine operated to bar plaintiff's continued litigation of his breach-of-contract claim against the DHC. The DHC pointed especially to this Court's remarks in that opinion "the MERC was correct in its finding that [plaintiff] failed to raise a genuine issue of material fact regarding whether DHC breached the collective bargaining agreement." *AFSCME Council 25 Local 2394*, unpub op at 4. The DHC contended that the Court's conclusions in the union case entitled it to summary disposition in the instant case pursuant to MCR 2.116(C)(7) (prior judgment), (C)(10) (no genuine issue of material fact), and (C)(8) (failure to state a claim). Plaintiff responded to the DHC's motion with arguments similar to those raised on appeal.

After hearing oral argument on the DHC's motion, the trial court held in its written decision that the law-of-the-case doctrine applied to preclude plaintiff's claim against the DHC for an alleged breach of the collective bargaining agreement

-2-

and that the principle of collateral estoppel applied to bar relitigation "with respect to Plaintiff's establishment of a genuine issue of material fact that DHC breached the [collective bargaining agreement]." In a corresponding order, the trial court granted the DHC summary disposition pursuant to MCR 2.116(C)(7) and (C)(10). Plaintiff filed a motion for reconsideration, which the trial court denied, leading to this appeal. [*Sweat II*, unpub op at 1-2.]

On remand, defendant renewed its motion for summary disposition and filed a third motion for summary disposition. Defendant argued that the MERC had ruled that the union had not violated its duty of fair representation in its handling of plaintiff's grievances, and such a finding was "fatal" to plaintiff's claim alleging breach of the CBA. In response, plaintiff asserted that defendant's collateral estoppel defense was waived because defendant did not raise the issue in its first responsive pleading. The trial court ultimately concluded that genuine issues of material fact remained with respect to whether defendant breached the terms of the CBA. Specifically, the trial court held that factual disputes remained regarding whether defendant complied with the progressive nature of the discipline policy because plaintiff demonstrated that defendant did not first follow a series of required progressive steps before disciplining him or terminating his employment. The trial court vacated its previous order granting summary disposition in favor of defendant and subsequently stayed the proceedings.

Defendant filed an application for leave to appeal in this Court, asserting that plaintiff's claim alleging breach of the CBA was precluded by the MERC's conclusion that plaintiff's union did not violate its duty of fair representation. *Sweat v Detroit Housing Comm'n*, unpublished per curiam opinion of the Court of Appeals, issued May 14, 2020 (Docket No. 347642) (*Sweat III*). In *Sweat III*, this Court concluded that the issue whether the union had breached its duty of fair representation was determined in the MERC decision and was subsequently affirmed by this Court on appeal in *AFSCME Council 25 Local 2394 v Sweat*, unpublished opinion of the Court of Appeals, issued February 2, 2016 (Docket No. 323933). *Sweat III*, unpub op at 3. The *Sweat III* Court rejected plaintiff's claim that the issue was not fully and fairly litigated or determined by a final judgment, and held that all of the elements of collateral estoppel were satisfied. *Id*. at 4. This Court also concluded that although defendant had not raised the affirmative defense of collateral estoppel in its first responsive pleading, it "was unable to do so because the agency action was still pending at that time." *Id*. This Court determined the trial court had "constructively allowed amendment of defendant's affirmative defenses" because it allowed defendant to argue the issue in its second motion for summary disposition. *Id*.

Plaintiff further argued that the doctrine of res judicata prevented defendant from asserting the defense of collateral estoppel because it had not raised it in the prior appeals. *Id*. But this Court held, "Because defendant's prior motion for summary disposition was not based on the MERC's finding that the union breached the duty of fair representation, that issue was not present at the time of the prior appeal, and defendant was not required to raise it in that appeal." *Id*. at 5. Because the doctrine of collateral estoppel applied, this Court reversed the trial court's order denying defendant's motion for summary disposition of plaintiff's breach-of-contract claim and remanded the matter to the trial court. *Id*.

On remand, the trial court entered an order lifting the stay, granting defendant's motion for summary disposition under MCR 2.116(C)(7), and dismissing the case. Plaintiff moved for reconsideration, which the trial court denied. Plaintiff now appeals as of right.

## II. FRAUD ON THE COURT

Plaintiff first argues that defendant engaged in fraud on the trial court and in this Court by representing in its second motion for summary disposition and on appeal that the MERC had considered and decided the issue of whether plaintiff had established a breach of contract. We disagree.

## A. PRESERVATION OF ISSUE AND STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Collateral estoppel is a basis for summary disposition under MCR 2.116(C)(7). *Minicuci v Scientific Data Mgt, Inc*, 243 Mich App 28, 36 n 5; 620 NW2d 657 (2000). In reviewing a motion under MCR 2.116(C)(7), we accept "as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). We "must consider affidavits, pleadings, depositions, admissions, and any other admissible documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists." *Id*.[1]

Plaintiff was required to file a motion for relief from judgment under MCR 2.612(C)(1)(c) to preserve his claim that defendant engaged in fraud on the court.[2] Because plaintiff did not file a motion for relief from judgment, he has not preserved this issue for our review.

"In civil cases, Michigan follows the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2 (cleaned up). A litigant must raise an issue in the trial court to preserve it for appellate review. *Id*. at ___; slip op at 2. Because this issue was not raised in the trial court, it is unpreserved and we are not obligated to consider it. *Tolas Oil & Gas Exploration*

---

[1] Citing *Fletcher v Fletcher*, 447 Mich 871, 882; 526 NW2d 889 (1994), plaintiff asserts that a true de novo review of the record entails a review without any deference to the lower court proceedings, and on the basis of that record, the appellate court then has the ability to make its own findings of fact and conclusions of law. But we refrain from weighing matters of credibility or deciding questions of fact in the context of reviewing a decision on a motion for summary disposition. *White v Taylor Distrib Co, Inc*, 482 Mich 136, 142-143; 753 NW2d 591 (2008) (recognizing that in the context of reviewing a motion brought under MCR 2.116(C)(10), this Court will not weigh credibility of witnesses or make factual determinations, which are reserved to the trier of fact).

[2] MCR 2.612(C)(1)(c) provides, in pertinent part, "On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds: . . . [f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

*Co*, ___ Mich App at ___; slip op at 3. However, we may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration of the issue is necessary for a proper disposition of the case, or the issue presented is one of law and the facts necessary to resolve the issue have been presented. *Miller v Mich Dep't of Corrections*, 343 Mich App 104, 119; 996 NW2d 738 (2022), rev'd on other grounds ___ Mich ___ (2023) (Docket No. 164862). Our Supreme Court has cautioned that this discretion should be exercised sparingly and only in exceptional circumstances. *Napier v Jacobs*, 429 Mich 222, 233-234, 414 NW2d 862 (1987).

Whether defendant engaged in committing a fraud on the court is a question of law. We review questions of law de novo. *Patel v Patel*, 324 Mich App 631, 633; 922 NW2d 647 (2018). Because the question presented is one of law, and the facts necessary for its resolution have been presented, we will consider this unpreserved issue. *Miller*, 343 Mich App at 119.

## B. ANALYSIS

A fraud on the court occurs when a material fact is concealed from the trial court, or a party makes a material misrepresentation to the trial court. *Matley v Matley (On Remand)*, 242 Mich App 100, 101; 617 NW2d 718 (2000). In *Titan Ins Co v Hyten*, 491 Mich 547, 554-555; 817 NW2d 562 (2012), our Supreme Court explained the elements of a claim of actionable fraud:

> The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. [cleaned up.]

Michigan also recognizes the claim of silent fraud, which is established when a party that has a legal or equitable duty of disclosure suppresses the truth with the intent to defraud. *Id*. at 557.

In *AFSCME Council 25 Local 2394*, unpub op at 4, this Court concluded that the MERC was correct in determining that plaintiff had not raised genuine issues of material fact with respect to whether defendant breached the parties' CBA. This Court reached this conclusion in the context of addressing plaintiff's argument that summary disposition of his claim alleging a breach of the union's duty of fair representation in the MERC was improperly granted. *Id*. at 2. On the basis of this ruling, defendant filed it second motion for summary disposition, claiming that the issue whether it had breached the terms of the CBA had been "critical" for the MERC to determine in its analysis whether the union had violated its duty of fair representation to plaintiff.

In *Sweat II*, this Court agreed with plaintiff's contention that the trial court had erred in applying the law-of-the-case doctrine to grant summary disposition in defendant's favor. *Sweat II*, unpub op at 3. This Court reasoned that the law-of-the-case doctrine applied only to issues decided in the same case, and while plaintiff's charge against the union in the MERC and his claim against defendant for breach of the CBA involved the question whether defendant breached the terms of the CBA, the actions were not a single, continuous lawsuit to which the doctrine would apply. *Id*. This Court also agreed with plaintiff that the doctrine of collateral estoppel would not

apply because the MERC *did not* actually decide if defendant breached the terms of the CBA. *Id*. Specifically, this Court held, "because the MERC did not actually and necessarily determine . . . whether [defendant] breached the [CBA], the trial court erred in relying on the MERC's decision in *In re AFSCME*, and this Court's affirmance in *AFSCME Council 25 Local 2394*" in granting defendant's motion for summary disposition. *Id*. at 5.

The record does not support plaintiff's allegation that defendant intentionally and knowingly made a material misrepresentation to the trial court in the context of its second motion for summary disposition. Defendant's arguments in its briefing, as well as during oral argument, were for the most part consistent with this Court's ruling in *AFSCME Council 25 Local 2394*. Subsequently, in *Sweat II*, unpub op at 2, 4, this Court concluded that it had made a "factually inaccurate" remark and an incorrect legal ruling in *AFSCME Council 25 Local 2394* when it concluded that the MERC had decided the issue whether defendant violated the CBA. But there is no indication in the record that at the time of filing its second motion for summary disposition, defendant intentionally made false and material representations to the trial court or suppressed the truth with the intent to defraud. Rather, the record reflects that defense counsel summarized this Court's ruling in *AFSCME Council 25 Local 2394* and informed the trial court of that ruling. Then in *Sweat II*, unpub op at 3-4, this Court held that the doctrine of collateral estoppel was not applicable. The record does not support plaintiff's contention that defendant intentionally and knowingly conveyed materially false information to the trial court in its second motion for summary disposition on this issue, or withheld truthful information with the intent to defraud.

The record also does not support plaintiff's assertion that fraud was committed on this Court. In *Sweat I*, defendant argued that plaintiff's claim for breach of the CBA was barred by collateral estoppel. Similarly, defendant asserted in *Sweat II* that the issue of whether the CBA was violated was extensively litigated in the MERC and this Court had affirmed the MERC's findings. While this Court ultimately determined in *Sweat II* that defendant's argument did not have legal merit, the fact that the argument was determined to be without merit does not amount to fraud. Further, there are no other indicia in the record that defendant made any material misrepresentations to this Court, or intentionally suppressed information with the intent to defraud.

## III. AMENDMENT OF AFFIRMATIVE DEFENSES, DOCTRINE OF COLLATERAL ESTOPPEL, UNION'S DUTY OF FAIR REPRESENTATION, AND INSTRUCTIONS TO TRIAL COURT ON REMAND

Plaintiff presents additional claims of error addressing (1) defendant's failure to amend its affirmative defenses to include the doctrine of collateral estoppel as a defense, (2) defendant's failure to raise the doctrine of collateral estoppel in its second motion for summary disposition, (3) whether the union breached its duty of fair representation, and (4) this Court's instructions to the trial court on remand. We conclude that none of these claims have merit.

## A. PRESERVATION OF ISSUES AND STANDARDS OF REVIEW

Plaintiff did not file a response to defendant's fourth motion for summary disposition, and thus these issues were not preserved for our review. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). However, we will address these legal issues because the necessary facts have been presented. *Miller*, 343 Mich App at 119.

Plaintiff challenges the trial court's decision to allow defendant to "constructively" amend its affirmative defenses to include the doctrine of collateral estoppel. We generally review for an abuse of discretion the trial court's decision whether to grant a party's motion for leave to amend a pleading. *Sanders v Perfecting Church*, 303 Mich App 1, 9-10; 840 NW2d 401 (2013). If the trial court's decision falls outside the range of reasonable and principled outcomes, it will amount to an abuse of discretion. *Id*. at 10.

The applicability of the doctrine of collateral estoppel is a question of law that we review de novo. *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 164; 933 NW2d 385 (2018). The invocation of the law-of-the-case doctrine, as well the extent to which it applies, are also questions of law that we review de novo. *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021). Additionally, whether the union violated its obligation to fairly represent plaintiff and whether, on remand, the trial court followed this Court's instructions, are questions of law that we review de novo. *Radwan*, 327 Mich App at 164.

## B. ANALYSIS

In *Sweat III*, unpub op at 4, this Court held that while defendant had not raised the issue of the applicability of the doctrine of collateral estoppel in its first responsive pleading, the issue was nonetheless not waived, because the trial court, by allowing defendant to argue the issue in its motion for summary disposition, had "constructively" allowed the defendant to amend its affirmative defenses. This Court also acknowledged that because plaintiff was permitted to brief the issue and the parties attended oral argument before the trial court ruled on defendant's third motion for summary disposition, plaintiff did not incur any prejudice arising from the amendment. *Id*. Because this Court has already addressed and conclusively determined these issues in *Sweat III*, we are bound by the ruling under the law-of-the-case doctrine and will not decide the same legal issue differently on subsequent appeal. See *Rott*, 508 Mich at 286.

Plaintiff also contends that this Court should hold, as a matter of law that the union failed in its duty of fair representation. Again, in its decision in *Sweat III*, unpub op at 2-3, this Court was asked to decide whether the issue of the union's breach of the duty of fair representation had already been actually litigated and determined in the prior judgment in the MERC, and if the parties both had a full and fair opportunity to litigate the issue. This Court recognized whether the union had breached its duty of fair representation was "a question of fact essential to any judgment on plaintiff's breach-of-contract claim" because an employee pursuing a grievance against an employer is not permitted to maintain a cause of action for breach of contract unless that employee first establishes that the union breached its duty of fair representation. *Id*. at 2. This Court ultimately recognized that the Administrative Law Judge, as well as the MERC, had determined the issue regarding fair representation, and that its conclusions were affirmed by this Court in *AFSCME Council 25 Local 2394*. *Sweat III*, unpub op at 3. This Court held that the trial court erred by not dismissing plaintiff's claim alleging breach of the CBA on the basis of the doctrine of collateral estoppel, concluding that the issue of the breach of fair representation had been determined in the MERC after a full and fair opportunity for both parties to address the issue. *Id*. at 4. Because this Court has already addressed and conclusively determined this issue in *Sweat III*, we are bound by the ruling under the law-of-the-case doctrine and will not decide the same legal issue differently on subsequent appeal. See *Rott*, 508 Mich at 286.

Finally, plaintiff argues that to be consistent with this Court's directive in *Sweat III*, defendant was required on remand to file a motion seeking leave to amend his affirmative defenses to include the doctrine of collateral estoppel. In *Sweat III*, unpub op at 4, this Court cited *Cole v Ladbroke Racing Mich, Inc*, 241 Mich App 1; 614 NW2d 169 (2000), in reaching its conclusion that the trial court constructively allowed defendant to amend its affirmative defenses. Plaintiff contends to be consistent with this Court's finding that *Cole* governed, defendant was required to file a motion to amend its affirmative defense under MCR 2.118. A reading of *Cole* does not support this interpretation. In *Cole*, this Court held that although the defendant had not moved to amend its affirmative defenses, under the circumstances of that case it had constructively amended its affirmative defenses. *Cole*, 241 Mich App at 10.

## IV. THE TRIAL COURT'S RULINGS ON PLAINTIFF'S THIRD AND FOURTH MOTIONS FOR SUMMARY DISPOSITION

Plaintiff next argues that the trial court erred in (1) not stating its reasoning for its ruling on defendant's third motion for summary disposition, and (2) in in granting defendant's fourth motion summary disposition without considering the complete record. We disagree.

### A. PRESERVATION OF ISSUES AND STANDARDS OF REVIEW

These issues were raised for the first time in plaintiff's motion for reconsideration and thus are not preserved for our review. See *Vusaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) (holding "[w]here an issue is first presented in a motion for reconsideration, it is not properly preserved."). Nonetheless, we will address these legal issues because the necessary facts have been presented. *Miller*, 343 Mich App at 119.

### B. ANALYSIS

Plaintiff argues that the trial court did not provide its reasoning with respect to its denial of defendant's third motion for summary disposition. We disagree. The record reflects that the trial court held that factual disputes remained regarding whether defendant complied with the progressive nature of defendant's discipline policy because plaintiff demonstrated that defendant did not first follow a series of progressive steps to assist him in changing his behavior at work before disciplining him or terminating his employment. The trial court ultimately ruled that genuine issues of material fact remained with respect to whether defendant breached the terms of the CBA by not using progressive discipline and therefore summary disposition was denied under MCR 2.116(C)(10).[3]

---

[3] In his argument on this issue, plaintiff contends that he has been prejudiced because of defendant's delay in asserting in the trial court its argument that the union did not fail in its duty of fair representation. This argument is waived because it was not in plaintiff's statement of questions presented. *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019); see also MCR 7.212(C)(5) (stating that an appellant's brief must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal."). Further,

Finally, plaintiff argues that the trial court erred in granting summary disposition in favor of defendant under MCR 2.116(C)(7) without considering the complete record. Plaintiff has not provided any citations to the record to support this issue of error. Further, plaintiff has provided little analysis and has neglected to provide any relevant legal authority for this argument. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (cleaned up). Accordingly, we decline to address this issue.[4]

Affirmed.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young

---

in *Sweat III*, unpub op at 4, this Court held that while defendant had not raised the issue of the applicability of the doctrine of collateral estoppel in its first responsive pleading, the issue was nonetheless not waived, because the trial court, by allowing defendant to argue the issue in its motion for summary disposition, had "constructively" allowed the defendant to amend its affirmative defenses. This Court also acknowledged that because plaintiff was permitted to brief the issue and the parties attended oral argument before the trial court ruled on defendant's third motion for summary disposition, plaintiff did not incur any prejudice arising from the amendment. *Id*. Accordingly, because this Court has already addressed and ruled on this legal issue, under the law-of-the-case doctrine, we are bound by the ruling in the earlier opinion. *Rott*, 508 Mich at 286.

[4] Rather than focusing his argument on the trial court's allegedly incomplete review, plaintiff instead focuses on whether relief from judgment can be granted under MCR 2.612(1)(b) on the basis of newly discovered evidence. This issue was not raised in plaintiff's statement of the questions presented and thus it is waived. *Seifeddine*, 327 Mich App at 521.