*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID ASHEN,

        Plaintiff-Appellant,

v

JOE ASHEN and WILLIAM BUHL,

        Defendants-Appellees.

UNPUBLISHED
June 15, 2026
2:15 PM

No. 375393
Van Buren Circuit Court
LC No. 2024-073863-CZ

Before: MURRAY, P.J., and REDFORD and RICK, JJ.

PER CURIAM.

In this action for fraud, plaintiff, proceeding *in propria persona*, appeals as of right the trial court's order denying requests for criminal contempt and reconsideration, but challenges earlier orders granting summary disposition to defendants under MCR 2.116(C)(7) (immunity granted by law and res judicata). Because we conclude there is no merit whatsoever to any of appellant's arguments, we affirm the trial court.

## I. FACTS AND PROCEDURAL HISTORY

This case involves plaintiff's action for fraud arising from an earlier quiet title judgment.[1]

---

[1] This matter is not the first time plaintiff has sued a judge after rendering a judgment against plaintiff. This Court recently affirmed a grant of summary disposition to the defendants in *Ashen v Holmstrom*, unpublished per curiam opinion of the Court of Appeals, issued February 21, 2025 (Docket No. 369042), p 5. After this Court affirmed the trial court's denial of plaintiff's adverse possession claim, *Ashen v Assink*, unpublished per curiam opinion of the Court of Appeals, issued April 20, 2017 (Docket No. 331811), plaintiff sued his trial counsel, the defendant's counsel, and the trial court judge. *Holmstrom*, unpub op at 4. Plaintiff also sued these defendants in the United States District Court for the Western District of Michigan and sued the trial court judge in the Court of Claims. *Id*. at 5.

In June 1976, defendant, Joe Ashen (J. Ashen), purchased property in South Haven, Michigan from his parents, Abe Ashen (A. Ashen) and Blanche Ashen (B. Ashen), by quitclaim deed. J. Ashen's counsel sent plaintiff a letter regarding the South Haven property in March 1999. Counsel indicated J. Ashen's grandmother, Sophie Yashenowsky, was still the title holder of record to the property because title was not properly conveyed from her to A. Ashen and B. Ashen. Counsel claimed there was "no one with any rightful basis to contest [J. Ashen]'s ownership[]" and requested plaintiff, as one of Yashenowsky's heirs, sign a quitclaim deed. After plaintiff did not sign the deed, J. Ashen filed a quiet title action in the trial court in April 1999, naming plaintiff as a defendant. The trial judge, Hon. William Buhl[2]—a named defendant in this appeal—entered a judgment quieting title to the South Haven property to J. Ashen and determining plaintiff had no interest in the property.

Nearly 25 years later, plaintiff, proceeding *in propria persona*, filed his complaint in this matter, alleging defendants "engaged in an enterprise to convey property illegally." In plaintiff's view, because there was no deed properly transferring the property from Yashenowsky to A. Ashen and B. Ashen, the judgment quieting title to J. Ashen was a fraudulent conveyance and fraud on the court. Defendants moved for summary disposition under MCR 2.116(C)(7), arguing plaintiff's claim was barred by judicial immunity and res judicata. In his responses, plaintiff claimed J. Ashen "submitted affidavits in the quiet title action that were perjuries to try and trick the court and [Judge Buhl] knew or should have known" the affidavits were false.

The trial court granted summary disposition to defendants under MCR 2.116(C)(7). The trial court barred plaintiff's claim against Judge Buhl under judicial immunity and plaintiff's claim against J. Ashen under res judicata.[3] The trial court denied plaintiff's motion for reconsideration and request for criminal contempt, and plaintiff now appeals.

## II. SUMMARY DISPOSITION—JUDICIAL IMMUNITY AND RES JUDICATA

On appeal, plaintiff argues the trial court erroneously barred his claim for fraud on the court, arising from Judge Buhl's earlier quiet title judgment, based on judicial immunity and res judicata. We disagree.

## A. STANDARD OF REVIEW

This Court reviews a trial court's grant of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Plaintiff challenges the trial court's grant of summary disposition under MCR 2.116(C)(7). "A motion for summary disposition brought under MCR 2.116(C)(7) may be granted when a claim is barred by immunity." *Mays v Governor*, 506 Mich 157, 181; 954 NW2d 139 (2020). A trial court must consider the pleadings and any

---

[2] Judge Buhl served on the Van Buren Circuit Court from 1989 to 2011.

[3] This Court dismissed plaintiff's earlier appeal for lack of jurisdiction, because the trial court had not entered the order granting J. Ashen summary disposition when plaintiff filed his appeal. *Ashen v Ashen*, unpublished order of the Court of Appeals, entered January 31, 2025 (Docket No. 373808).

documentary evidence the parties submit. *Horace v City of Pontiac*, 456 Mich 744, 749; 575 NW2d 762 (1998). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Mays*, 506 Mich at 181 (quotation marks and citation omitted). Finally, this Court reviews issues of statutory interpretation de novo. *Eplee v City of Lansing*, 327 Mich App 635, 644; 935 NW2d 104 (2019).

## B. DISCUSSION

The trial court did not err by granting defendants summary disposition and ruling judicial immunity and res judicata barred plaintiff's claim.

Plaintiff alleged defendants "engaged in an enterprise to convey property illegally[]" and committed "Fraud upon The Court" when Judge Buhl quieted title to the property to J. Ashen. "A fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court." *Matley v Matley (On Remand)*, 242 Mich App 100, 101; 617 NW2d 718 (2000) (quotation marks and citations omitted). The trial court ruled Judge Buhl was immune from plaintiff's claim and granted him summary disposition. Under MCL 691.1407(5), "[a] judge . . . [is] immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial . . . authority." This immunity for acts in the exercise of judicial functions is absolute. *Serven v Health Quest Chiropractic, Inc*, 319 Mich App 245, 253; 900 NW2d 671 (2017). Absolute immunity protects the finality of judgments and preserves judicial independence "by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* (quotation marks and citations omitted). "[J]udges are not liable to civil actions for their judicial acts even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* (quotation marks and citation omitted).

Plaintiff's claim is exactly what judicial immunity prevents—a baseless action by a plaintiff seeking to relitigate a long-settled final judgment. Judge Buhl established he acted within his judicial authority and performed a judicial function when he quieted title to J. Ashen and extinguished plaintiff's alleged property interest. Plaintiff does not dispute Judge Buhl presided over the quiet title action and issued the final judgment. Plaintiff instead claims defendants engaged in a fraudulent scheme to convey the property to J. Ashen, even though Yashenowsky was the title holder when J. Ashen acquired the quitclaim deed to the property from A. Ashen and B. Ashen. Plaintiff's only specific allegation regarding Judge Buhl's participation in the alleged scheme was J. Ashen gave Judge Buhl a "golf membership." Plaintiff also asserts J. Ashen filed false affidavits regarding his ownership of the property but never produced the affidavits or any evidence J. Ashen testified falsely. Even viewing plaintiff's allegations in the light most favorable to him, a judge is entitled to judicial immunity even when a plaintiff claims the judge acted maliciously or corruptly. *Serven*, 319 Mich App at 253. Because Judge Buhl performed a judicial function by presiding over the quiet title action, judicial immunity bars plaintiff's claim against him. The trial court properly granted Judge Buhl summary disposition under MCR 2.116(C)(7).

The trial court also did not err by granting J. Ashen summary disposition and ruling res judicata barred plaintiff's claim. The res judicata doctrine "bars a second action on the same claim if (1) the prior action was decided on the merits, (2) both actions involve the same parties or their

privies, and (3) the matter in the second case was, or could have been, resolved in the first [case]." *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 509 Mich 276, 282; 983 NW2d 401 (2022) (quotation marks and citations omitted). Res judicata broadly applies to "every point . . . which the parties, exercising reasonable diligence, might have brought forward at the time" of the first action. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999) (quotation marks and citations omitted). Res judicata prevents inconsistent judgments and relieves parties and courts of the burden of multiple lawsuits. *Id*.

Judge Buhl decided the quiet title action involving the South Haven property on the merits, quieting title to J. Ashen and ruling plaintiff had no property interest. J. Ashen and plaintiff were parties to that action. In this matter, plaintiff alleged the quiet title judgment was fraud on the court, because there was no deed transferring the property from Yashenowsky to A. Ashen and B. Ashen, who conveyed the property to J. Ashen. Plaintiff claimed J. Ashen filed false affidavits regarding his alleged ownership of the property. Res judicata bars this claim because plaintiff directly challenges the subject matter of Judge Buhl's earlier ruling. Plaintiff claims J. Ashen never had valid title to the property, but Judge Buhl ruled the quitclaim deed from A. Ashen and B. Ashen conveyed proper title to J. Ashen and extinguished plaintiff's property interest. Further, plaintiff could have raised his claim that J. Ashen filed false affidavits at the time of the quiet title action. Res judicata applies to "every point . . . which the parties, exercising reasonable diligence, might have brought forward at the time" of the first action. *Id*. (quotation marks and citations omitted). Plaintiff seeks to relitigate the long-settled quiet title judgment under the guise of an alleged fraud on the court. That claim against J. Ashen is barred by res judicata, and the trial court properly granted J. Ashen summary disposition under MCR 2.116(C)(7).

Finally, Judge Buhl requests this Court find plaintiff to be a vexatious litigator based on plaintiff's history of unsuccessfully suing judges in multiple jurisdictions. MCR 7.216(C)(1) authorizes this Court, "on its own initiative or on the motion of any party . . . [to] assess actual and punitive damages or take other disciplinary action" if:

> (a) the appeal was taken for purposes of hindrance or delay or without any reasonable basis for belief that there was a meritorious issue to be determined on appeal; or

> (b) a pleading, motion, argument, brief, document, record filed in the case or any testimony presented in the case was grossly lacking in the requirements of propriety, violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court.

We deny Judge Buhl's request without prejudice because caselaw requires a defendant to file a separate motion under MCR 7.211(C)(8) to sanction a plaintiff for a vexatious appeal. *Barrow v Detroit Election Comm*, 305 Mich App 649, 683-684; 854 NW2d 489 (2014). Judge Buhl's request in his appellate brief is not sufficient for this Court to address the issue. *Id*. at 684, citing MCR 7.211(C)(8). Judge Buhl may move for sanctions within 21 days after this opinion disposing of plaintiff's appeal. *Id*.

We do, however, on our own initiative conclude this appeal is vexatious because the arguments and brief filed in the case were "grossly lacking in the requirements of propriety,

violated court rules, or grossly disregarded the requirements of a fair presentation of the issues to the court." See MCR 7.216(C)(b).[4]

---

[4] This Court's records show that, in addition to the instant appeal, appellant has filed 12 other, unsuccessful appeals since the beginning of 2015. See *David Ashen v Sandy Schmaltz,* unpublished per curiam opinion of the Court of Appeals, issued May 17, 2016 (Docket No. 326024) (affirming the grant of summary disposition in favor of Schmaltz in a premises liability action); *Matthew J Brazys v David Ashen*, unpublished order of the Court of Appeals, entered July 7, 2015 (Docket No. 328153) (dismissing appellant's claim of appeal for lack of jurisdiction from a judgment in favor of Brazys in a contract action); *David Ashen v Scott Assink,* unpublished order of the Court of Appeals, entered October 14, 2015 (Docket No. 329560) (dismissing appellant's claim of appeal for lack of jurisdiction from an order granting the Assinks summary disposition and quieting title to them in 246 Webster Ave, South Haven, Michigan); *Matthew J Brazys v David Ashen,* unpublished order of the Court of Appeals, entered March 28, 2016 (Docket No. 330391), lv den 500 Mich 946 (2017), recon den 500 Mich 1004 (2017) (denying appellant's delayed application for leave to appeal for lack of merit in the grounds presented from a judgment in favor of Brazys for attorney fees); *David Ashen v Scott Assink*, unpublished per curiam opinion of the Court of Appeals, issued April 20, 2017 (Docket No. 331811), lv den 501 Mich 952 (2018), recon den 501 Mich 1064 (2018) (affirming the trial court's order that dismissed appellant's complaint to quiet title to 246 Webster Ave, South Haven, Michigan); *David Ashen v Jeff Holmstrom,* unpublished per curiam opinion of the Court of Appeals, issued April 30, 2020 (Docket No. 347291) (affirming the grant of summary disposition in favor of Holmstrom in a legal malpractice action related to appellant's litigation against the Assinks); *David Ashen v Bill Chase,* unpublished order of the Court of Appeals, entered October 6, 2023 (Docket No. 365622) (denying appellant's delayed application for leave to appeal for lack of merit in the grounds presented from a circuit court order, which dismissed appellant's circuit court claim of appeal from a district court order related to a storage unit rental); *David Ashen v Jeffrey R Holmstrom*, unpublished order of the Court of Appeals, entered November 28, 2023 (Docket No. 367974) (dismissing appellant's claim of appeal for lack of jurisdiction from three orders granting three different defendants summary disposition); *David Ashen v Jeffrey R Holmstrom,* unpublished per curiam opinion of the Court of Appeals, issued February 21, 2025 (Docket No. 369042) (affirming the grant of summary disposition to all defendants in the case, which involved claims asserted by appellant "relate[d] to his dissatisfaction with the outcome of his case" in Docket No. 331811, and holding that appellant "presented no colorable basis for relief on appeal"); *South Haven v Joe Ashen,* unpublished per curiam opinion of the Court of Appeals, issued March 19, 2025 (Docket No. 369827) (affirming a default judgment against appellant in a case involving South Haven's blight ordinances); *David Ashen v Joseph Ashen*, unpublished per curiam opinion of the Court of Appeals, issued October 15, 2025 (Docket No. 373424), lv den ___ Mich ___ (2026) (Docket No. 169457) (affirming the trial court's order granting summary disposition to Joseph Ashen in an adverse possession case); and *David Ashen v Joe Ashen,* unpublished order of the Court of Appeals, entered January 31, 2025 (Docket No. 373808) (dismissing appellant's claim of appeal for lack of jurisdiction from an order granting a motion for summary disposition in a fraud case). In sum, over the past 11 years, appellant has repeatedly filed claims of appeal over which this Court lacked jurisdiction or where the issues raised did not have arguable legal merit, including issues that were not supported by any legal authority and those barred by the doctrines of collateral estoppel, res judicata, and immunity.

We also conclude appellant is a vexatious litigator.  See MCR 7.216(C)(3).

### III.  CONCLUSION

For the reasons discussed above, we affirm.

/s/ Christopher M. Murray
/s/ James Robert Redford
/s/ Michelle M. Rick